558 A.2d 630

**Stephen SHAIN, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 14, 1989.

Decided May 19, 1989.

Stephen Shain, Dallas, pro se.

Robert A. Greevy, Chief Counsel, Arthur R. Thomas, Asst. Chief Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Pennsylvania Board of Probation and Parole (Board) has filed preliminary objections to the *pro se* petition for review of Stephen Shain (Petitioner). Petitioner asserts that the Board improperly denied him parole and requests this Court "take what action it may deem appropriate and just in order to cause justice to be served." On January 10, 1989, we ordered this petition treated as one addressed to the Court's original jurisdiction. The Board then filed time-

ly preliminary objections contending that it is statutorily immune from suit for declaratory relief and that an appeal from the denial of parole is not reviewable by this Court. We sustain the Board's preliminary objections and dismiss the petition.

Petitioner is presently incarcerated in the State Correctional Institution at Dallas. His petition does not allege the length of his sentence or whether he has served the minimum time to be eligible for parole, but does state he was interviewed for parole by the Board on November 2, 1988. Petitioner asserts he was told by the Board that in order to be considered for parole he would have to participate in a General Education Diploma (GED) program offered in the prison.

Petitioner is in protective custody in the Restricted Housing Unit (RHU). The GED program is offered in the general prison population. Petitioner asserts that in order to be considered for parole he must enter the general population to participate in the GED program, thereby exposing himself to possible physical assault by his fellow inmates. Petitioner contends that by compelling him to participate in this educational program at possible risk to his life, the Board is subjecting him to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

The short answer to this argument is that even if Petitioner has served his minimum sentence and is eligible for parole, if he refuses to comply with a Board condition and is therefore denied parole, this denial is not reviewable by this Court. *King v. Pennsylvania Board of Probation and Parole*, 111 Pa. Commonwealth Ct. 392, 534 A.2d 150 (1987); *Dinkins v. Pa. Dept. of Justice*, 105 Pa. Commonwealth Ct. 282, 523 A.2d 1218 (1987); *Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa. Commonwealth Ct. 333, 514 A.2d 967 (1986).

The petition does not state a cause of action. The Board does not control the internal workings of the State

Correctional Institution at Dallas and has nothing to do with whether or not Petitioner will be safe walking among the general population there. The Board enjoys immunity under 1 Pa. C.S. § 2310 with respect to actions seeking other than money damages. The Board owes no duty to Petitioner to ensure his safety in prison. We will not review a denial of parole, particularly when Petitioner fails to state whether he is eligible or has even applied for parole. The Board's preliminary objections are sustained.

## ORDER

NOW, May 19, 1989, the preliminary objections of the Pennsylvania Board of Probation and Parole are sustained and the petition for review of Stephen Shain is hereby dismissed.