**Ronald G. RUMMINGS, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 20, 2002.
Decided Nov. 8, 2002.
Publication Ordered Jan. 13, 2003.
As Amended Feb. 14, 2003.

---

Ronald G. Rummings, petitioner, pro se.

Arthur R. Thomas, Harrisburg, for respondent.

Before PELLEGRINI, J., LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Presently before this Court for disposition is the Pennsylvania Board of Probation and Parole's (Board) preliminary objection in the nature of a demurrer to the Petition for Writ of Mandamus (Petition) filed by Ronald G. Rummings.[1]

The facts of this matter, as stated in the Petition, are as follows. Rummings is currently incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania. On December 13, 2000, Rummings was sentenced by the Court of Common Pleas of Lycoming County to a term of one year, two months and twenty-nine days, to four years for driving under the influence and driving under suspension. After an interview and review of Rummings' file, the Board, by order dated December 18, 2001, determined that the fair administration of justice could not be achieved through Rummings' release on parole. Therefore, the Board refused parole and ordered that the issue of Rummings' parole be reviewed on or after September 2002. The Board further notified Rummings that at his next interview, the Board would review his file and consider: (1) whether he has successfully completed a treatment program for substance; (2) whether he had maintained a favorable recommendation for parole from the Department of Corrections; and (3) whether he had maintained a clear conduct record and completed the Department of Corrections' prescriptive programs.

On May 2, 2002, Rummings filed the instant petition with this Court. Therein, Rummings alleges that his minimum sentence has expired and that he is eligible for parole. Rummings alleges that the Board is using "unchecked authority" to violate the constitutional rights of incarcerated individuals. Rummings alleges that the Board is using this unchecked authority to establish its own policies and procedures in determining parole. Rummings alleges that, in his case, the Board has taken the same information used by the sentencing court in deciding his sentence and using it to deny him parole. Rummings alleges that this has resulted in the Board being permitted to change a legally imposed sentence of the sentencing court into an illegal and unconstitutional sentence. Rummings further alleges that by

1. By order of May 6, 2002, this Court directed that the Petition for Writ of Mandamus shall be treated as a petition for review addressed to this Court's original jurisdiction.

allowing the Board to use the same information the sentencing court used and deny parole based on that information, the Board has in fact extended his minimum sentence. Rummings alleges that the Board is using its self imposed authority to change a legally imposed minimum sentence by simply denying parole each time an individual is interviewed until such time as the individual has served the maximum sentence that the Board wants him to serve to begin with, regardless of what the sentencing court had in mind when the sentence was pronounced. Thus, Rummings is requesting that this Court issue a writ of mandamus and order the Board to cease the practice of violating his constitutional rights and that a new interview be immediately scheduled for him, at which time the Board must consider only factors that have not been previously considered and ruled on by this Court to be in violation of his constitutional rights to due process and equal protection under the Pennsylvania and United States Constitutions.[2]

On June 5, 2002, the Board filed preliminary objections to the Petition. The Board's preliminary objections pertaining to failure to conform to the rules, insufficient specificity and impertinent matter were overruled by this Court by order of June 10, 2002. Remaining is the Board's preliminary objection in the nature of a demurrer. With respect to this preliminary objection, the Board alleges that Rummings has not alleged facts that, if true, would demonstrate a breach of a duty by the Board because the Board is mandated by statute to consider the very same information used by the sentencing court in deciding whether to parole an offender.

The Board alleges further that it has the power to consider the recommendation of the Department of Corrections and the offender's participation in programs. The Board also alleges that it is mandated to consider whether a sentence is unduly lenient when it considers the nature and circumstances of the offense committed and may deny parole solely because of the nature and circumstances of the offense committed.

 Initially, we note that in ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. *Meier v. Maleski*, 167 Pa.Cmwlth. 458, 648 A.2d 595 (1994). The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *Id.*

 While an appellant is not entitled to appellate review of a Board decision denying parole, they may be entitled to pursue allegations of constitutional violations against the Board through a writ of mandamus. *Rogers v. Board of Probation and Parole*, 555 Pa. 285, 724 A.2d 319 (1999). Mandamus is an extraordinary remedy which is available to compel the Board to conduct a hearing or apply the correct law. *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981). It

---

**2.** Rummings also requests that this Court issue a writ of mandamus requiring the Board to immediately cease the practice of denying him parole based on the illegal application of Section 9718.1 of the Sentencing Code, 41 Pa.C.S. § 9718.1. However, Rummings now acknowledges in his brief in opposition to the Board's preliminary objection that he erred in this request because Section 9718.1 of the Sentencing Code pertains to sex offenders and is inapplicable to this matter as Rummings was not convicted of a sex offense.

will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Waters v. Department of Corrections,* 97 Pa.Cmwlth. 283, 509 A.2d 430 (1986). Mandamus is not proper to establish legal rights, but is only appropriately used to enforce those rights which have already been established. *Id.*

 "[P]arole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Parole Board's satisfaction his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence." *Rogers,* 555 Pa. at 292, 724 A.2d at 322. Under Pennsylvania law, the minimum term imposed on a prison sentence merely sets the date prior to which a prisoner may not be paroled. *Id.* at 289 n. 2, 724 A.2d at 321 n. 2. A prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. *Id.* A prisoner has only a right to apply for parole at the expiration of his or her minimum term and to have that application considered by the Board. *Id.* If the Board denies the prisoner's application, the period of confinement can be the maximum period of incarceration specified by the sentencing court, although the prisoner may continue to reapply with the Board for parole. *Id.*

Pursuant to Section 17 of what is popularly called the Parole Act,[3] the Board shall have the exclusive power, *inter alia,* to parole a prisoner whose maximum sentence is two years or more. In determining whether a prisoner should be released on parole, the Board is mandated pursuant to Section 19 of the Parole Act, 61 P.S. § 331.19, to consider various factors such as the nature and character of the offense committed, any recommendation by the trial judge and prosecuting attorney, and the general character and background of the prisoner. The Board shall further consider the notes of testimony of the sentencing hearing together with such additional information regarding the nature and circumstances to the offense committed for which sentence was imposed as may be available. Section 19 of the Parole Act, 61 P.S. § 331.19. Therefore, the Board is statutorily mandated to consider the same information that the sentencing court considered when exercising its power to grant or deny parole.

 Herein, Rummings does not allege in his Petition that the Board considered anything other than the information the Board is mandated to consider in exercising its discretion when it denied Rummings parole. While it is Rummings' contention that the Board's consideration of this information effectively extends his minimum sentence, as stated previously herein, parole is a matter of grace and a prisoner is not automatically entitled to parole upon the expiration of his or her minimum sentence. *Rogers.* Moreover, it is clear that Rummings received a favorable recommendation from the Department of Corrections. While the Board may not condition its consideration of an application for parole upon receiving a favorable recommendation from the Department of Corrections,[4] the Board in this case did consider Rummings' application. In considering that application, it is without question that the Board, in its discretion, has the authority to either grant or

---

3. Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.17.

4. *Sontag v. Ward,* 789 A.2d 778 (Pa.Cmwlth. 2001), *petition for allowance of appeal denied,* 569 Pa. 713, 805 A.2d 528 (2002).

deny parole. Section 17 of the Parole Act, 61 P.S. § 331.17.

In addition, the averments of Rummings' Petition fail to support his allegations that the Board denied him parole to serve the Board's purpose of keeping Rummings in prison until he has served his maximum sentence. To the contrary, it appears from the Board's denial of Rummings parole, which is attached to the Petition, that Rummings was denied parole because he did not complete a treatment program for substance abuse. Although Rummings alleges in his Petition that the Board orders programs to be taken, which are not available in prisons and not part of the prisons' programs, Rummings does not allege that the program that Rummings did not complete was not available to him. As correctly pointed out by the Board in support of its preliminary objections, even if the Board refused Rummings parole because he did not participate in a program that was unavailable to him, such fact would not state a cause of action. *See Shain v. Board of Probation and Parole,* 126 Pa.Cmwlth. 108, 558 A.2d 630 (1989) (A denial of parole for refusal to comply with a condition of the Board, such as participation in a general education diploma program, is not reviewable by this Court.).

Accordingly, we conclude that Rummings' Petition fails to state a cause of action. Thus, the Board's preliminary objection in the nature of a demurrer is sustained and Rummings' Petition is dismissed with prejudice.

### ORDER

AND NOW, this *8th* day of *November,* 2002, the preliminary objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole to the Petition for Writ of Mandamus is sus-

tained and the Petition for Writ of Mandamus is dismissed with prejudice.