**Jeffrey Wayne LOOMIS, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 2005.

Decided July 12, 2005.

Jeffrey Wayne Loomis, petitioner, pro se.

Chad L. Allensworth, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., LEAVITT, J. and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

■ Before this Court are preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board) in response to a *pro se* Application and Motion for a Writ of Review by way of a Writ of Mandamus[1] filed by Jeffrey Wayne Loomis (Loomis) in which he alleges that the Board violated the *ex post facto* clause[2] by relying on the amended 1996 Parole Act requiring additional favorable votes recommending him for parole in violation of his due process rights.

Loomis is currently incarcerated at the State Regional Correction Facility—Mercer and is serving a 10–22 year sentence for rape and involuntary deviate sexual intercourse. His minimum sentence date was November 4, 2002, and his maximum sentence date is November 4, 2013. On January 30, 2004, the Board refused Loomis parole for the following reasons: substance abuse; habitual offender; assaultive instant offense; high assaultive behavior potential; victim injury; unfavorable recommendation from the Department of Corrections; and repeat sex offender, sadistic nature of assault. He was advised that he would again be reviewed for parole in January 2006.

Approximately one year later, on January 28, 2005, Loomis filed his Application[3]

---

1. By order of this Court dated February 1, 2005, we directed that this Application be treated as a Petition for Review addressed to this Court's original jurisdiction.

2. Although Loomis simply refers to "the *ex post facto* clause," he fails to specify if he is referring to the clause under the United States Constitution or the clause under the Pennsylvania Constitution. Article I, Section 10 of the United States Constitution provides:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, **ex post facto Law,** or Law impairing the Obligation of Contracts, or grant any Title of Nobility. (Emphasis added.)

Article 1, Section 17 of the Pennsylvania Constitution provides:

> **No ex post facto law,** nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed. (Emphasis added.)

Because our Supreme Court has held that the *ex post facto* clauses of both constitutions are virtually identical and the standards to be applied to determine an *ex post facto* violation are comparable, an analysis of an *ex post facto* violation under the federal constitution disposes of such a violation under the state constitution as well. *Evans v. Board of Probation and Parole*, 820 A.2d 904 (Pa.Cmwlth. 2003), *petition for allowance of appeal denied*, 580 Pa. 550, 862 A.2d 583 (2004).

3. "While an appellant is not entitled to appellate review of a Board decision denying parole, they may be entitled to pursue allegations of constitutional violations against the Board through a writ of mandamus. *Rogers v. Board of Probation and Parole*, 555 Pa. 285,

alleging that the Board denied him parole by relying on an amendment to the Board's Parole Rules in December 1996 which was not in existence at the time he committed his crime. Specifically, he states that the Board denied him parole because he had not received a recommendation for parole from five out of nine members of the Department of Corrections, but in October 1991 when he committed the crime for which he is now incarcerated, only three out of five favorable votes was required for a recommendation for parole. Therefore, there was a greater likelihood he would have been paroled with fewer votes required, and he remains incarcerated based on a violation of the *ex post facto* clause.

■ In response, the Board has filed a preliminary objection[4] alleging that Loomis' Application should be dismissed based on a demurrer because Loomis failed to set forth a cause of action cognizable in mandamus.[5]

■ In *Cimaszewski v. Pennsylvania Board of Probation and Parole,* —— Pa. ——, 868 A.2d 416 (2005), a case where an inmate alleged that the Board violated the *ex post facto* clause of the United States Constitution, our Supreme Court recently determined:

[I]t is now clear that retroactive changes in the laws governing parole may violate the ex post facto clause. *[California Dept. of Corrections v.] Morales,* 514 U.S. [499] at 509 [115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)] (holding that a change in parole law violates the ex post facto clause if the change in the law created a "sufficient risk of increasing the measure of punishment attached to the covered crimes"); *Garner[ v. Jones],* 529 U.S. [244] at 256 [120 S.Ct. 1362, 146 L.Ed.2d 236 (2000)] (holding that a change in parole rules violates the ex post facto clause if the amended rule creates a significant risk of prolonging an inmate's incarceration). The controlling inquiry in determining if an ex post facto violation has occurred is whether retroactive application of the change in the law "creates a significant risk of prolonging [Appellant's] incarceration."

*Id.* at —— ——, 868 A.2d at 426–427. The Supreme Court went on to explain what an inmate needed to do to prove that a violation had occurred:

Speculative and attenuated possibilities of increasing punishment, however, do

---

724 A.2d 319 (1999). Mandamus is an extraordinary remedy which is available to compel the Board to conduct a hearing or apply the correct law. *Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981). It will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Waters v. Department of Corrections,* 97 Pa.Cmwlth. 283, 509 A.2d 430 (1986). Mandamus is not proper to establish legal rights, but is only appropriately used to enforce those rights which have already been established." *Rummings v. Pennsylvania Board of Probation and Parole,* 814 A.2d 795, 798–799 (Pa.Cmwlth.2002).

4. The Board also filed preliminary objections alleging that Loomis' application should be dismissed based on defective service pursuant to Pa. R.A.P. 1514(c) and impertinent legal arguments and conclusions of law pursuant to Pa. R.C.P. Nos. 1019(a), 1028(a)(2) and 1095(4). By order dated April 1, 2005, we overruled the Board's preliminary objection alleging defective service. Based on how we have resolved the preliminary objection to the mandamus action, we need not address the remaining preliminary objections.

5. In reviewing preliminary objections, we must accept as true all well pled facts which are relevant and material, as well as all inferences reasonably deducible therefrom. *Weaver v. Pennsylvania Department of Corrections,* 829 A.2d 750 (Pa.Cmwlth.2003).

not suffice. Instead, this fact-intensive inquiry must be conducted on an individual basis.... Thus, to state an actionable claim, an inmate must present some facts showing that the result of this change in policy, by its own terms, demonstrates a significant risk of prolonging the inmate's term of incarceration, or that it negatively impacts the chance the inmate has to be released on parole. See Garner; Morales. Preliminarily, the prisoner must first plead that he can provide the requisite evidence that he faces a significant risk of an increase in punishment by application of the 1996 amendment, specifically, that under the pre–1996 Parole Act, the Board would likely have paroled the inmate. Without first pleading that such evidence exists, there is no basis for providing a prisoner with the opportunity for an evidentiary proceeding, and, without such a hearing, no basis for affording relief.

*Id.* at ——, 868 A.2d at 427. In Loomis' Application, he argues that his period of incarceration was lengthened as a result of the Board now requiring him to obtain five out of nine favorable recommendations from the Department of Corrections in order to be paroled when, before, only three out of five were required.[6] This argument, however, is insufficient to support a claim for a violation of the *ex post facto* clause of either the United States or Pennsylvania Constitutions. Aside from the more important fact that Loomis is not even attempting to prove that he has met the standards of his parole,[7] he fails to

---

6. Although the Board argues in its preliminary objections that "there is no language in either the pre–1996 Parole Act or the post–1996 Parole Act that requires an inmate to obtain a favorable recommendation from the Department of Corrections in order to be paroled," we must accept Loomis' facts as pled. We also note that nowhere in his petition has Loomis attached the previous or current Parole Rules to which he refers.

7. We note that Loomis' argument fails to consider what is truly important in determining whether parole is granted: whether the standards for his parole have changed and whether he has met those standards set forth by the Board. In its notice of its decision denying him parole on January 30, 2004, the Board stated the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/reparole at this time. The reasons for the Board's decision include the following:
> Substance abuse.

> Habitual offender.
> Assaultive instant offense.
> High assaultive behavior potential.
> Victim injury.
> Unfavorable recommendation from the department of corrections.
> Repeat Sex offender, sadistic nature of Assault.
> You will be reviewed in or after January, 2006.
> At your next interview, the Board will review your file and consider:
> Must participate in sex offender program;
> You must maintain a clear conduct record and earn an institutional recommendation for parole.

(Exhibit A attached to Board's preliminary objections.) Instead of focusing on his deficiencies, i.e., that he is a substance abuser, a habitual offender, and, among other things, has a high assaultive behavior potential, and considering what he must accomplish between the denial and his next review, Loomis focuses on the fact that he was now required to obtain two more favorable recommendations. The number of favorable recommendations was and will continue to be irrelevant because he did not meet the substance of the standards set forth for his parole. Nowhere does Loomis explain how he would have been able to assuredly get even three favorable recommendations from the Department of Corrections or how he will be able to get

recognize that he is actually better off having to obtain five out of nine favorable recommendations rather than three out five; five out of nine votes equates to 55% of the recommendations needed, while three out of five votes equates to 60%. Ignoring that the recommendation of the Department of Corrections, favorable or unfavorable, is not binding on the Board's decision whether to grant or refuse parole because the Board has exclusive discretion to parole individuals under its jurisdiction, *see* Section 17 of the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.17, under the new Parole Rules, having to obtain five favorable recommendations is actually less of a burden for Loomis than having to obtain three favorable recommendations under the old rules, so there is no significant risk of increasing his incarceration.

Accordingly, the Board's preliminary objections are sustained and Loomis' petition for review is dismissed.

### ORDER

AND NOW, this 12th day of July, 2005, the preliminary objections filed by the Commonwealth of Pennsylvania, Board of Probation and Parole, are sustained, and the petition for review filed by Jeffrey Wayne Loomis is dismissed.

them for future parole hearings when he failed to meet them in the past. He doesn't even mention any of the reasons for the Board's decision to deny his parole as if they were not an issue.