# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Urch,                                        :
                              Petitioner            :
                                                    :
        v.                                          :        No. 138 M.D. 2017
                                                    :        Submitted: August 21, 2020
Commonwealth of Pennsylvania,                       :
Department of Corrections, Secretary               :
John E. Wetzel, SCI-Forest Superintendent          :
Michael D. Overmyer, and All Records               :
Department of Corrections Supervisors, and         :
Attorney General,                                   :
                              Respondents           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED: December 16, 2020


        This case involves the untangling of a complex sentence structure to

ensure the confinement served by Wesley Urch (Urch), an inmate at the State

Correctional Institution at Forest (SCI-Forest), aligns with the sentencing orders

issued in 1991. Following our prior decisions discerning validity in Urch's mandamus

claim as to improper sentence calculation, this Court considers the application for

summary relief filed by the Department of Corrections (DOC), its Secretary, the

Superintendent at SCI-Forest, and unnamed DOC staff (collectively, Respondents),[1]

and Urch's cross-application for summary relief on the remaining excessive

---

[1] Urch also named the Attorney General of the Commonwealth of Pennsylvania.

confinement claim. Upon consideration of the dispositive motions, we grant relief in Respondents' favor.

## I. Background

### A. Procedural History

Urch initiated the instant case in our original jurisdiction when he filed a complaint seeking relief from excessive confinement related to improper sentence calculation and aggregation of his complex sentence structure from convictions in 1991 in Erie County, resulting in three separate sentencing orders (1991 Sentence) and a subsequent sentence for driving under the influence in 1998 (DUI Sentence) (collectively, Aggregated Sentence). Respondents filed preliminary objections in the nature of a demurrer, which this Court denied as to the improper calculation claim, and granted as to the improper aggregation claim. *See Urch v. Dep't of Corr.* (Pa. Cmwlth., No. 138 M.D. 2017, filed Feb. 16, 2018), 2018 WL 911024 (unreported) (PO Opinion).[2] In addition to overruling the demurrer to the improper sentence calculation claim (1991 Sentence), the order directed DOC to file an answer and append any relevant sentence status summaries thereto.

Based on the answer and sentence status summaries, Urch then filed a motion for judgment on the pleadings in September 2018. In the motion, Urch asserted the improper calculation of his 1991 Sentence resulted in his unlawful incarceration for 15 years beyond the sentencing orders. After briefing, this Court granted partial judgment in Urch's favor as to the calculation of the 1991 Sentence and directed DOC to recalculate the 1991 Sentence and any subsequent sentence aggregation accordingly. *See Urch v. Dep't of Corr.* (Pa. Cmwlth., No. 138 M.D. 2017, filed Aug. 13, 2019), 2019 WL 3800220 (unreported) (JOP Opinion). As to

_____

[2] This Court also dismissed as moot Urch's alleged wiretapping claim based on the amended submission that eliminated that claim.

2

the excessive confinement claim, this Court advised it was unclear whether Urch was entitled to relief until the recalculated sentence was documented of record. Thus, we directed DOC to file a statement explaining the effect of its recalculation on Urch's confinement time overall, including his most recent sentence (in 2007). In addition, we directed the parties to file dispositive motions on the remaining excessive confinement claim based on the corrected sentence calculation.

In accordance with the JOP Opinion, DOC filed a status report on October 1, 2019 (Status Report), to which it appended the most current DC-16E Sentence Status Summary (dated September 26, 2019) (Current Sentence Summary). The Status Report and Current Sentence Summary contained the recalculation of the 1991 Sentence set forth in more detail below (Recalculation). In the Status Report, DOC explained the "recalculation of [Urch's] sentence structure will result in him receiving 15 years and 26 days of credit towards his current active sentence." Status Report, ¶9. Relevant here, the recalculated minimum sentence expiration date was June 28, 2017, with a maximum sentence expiration date of June 28, 2037.

In October 2019, Urch filed another motion for judgment on the pleadings premised on the Recalculation, asserting he was entitled to judgment in his favor on his excessive confinement claim because he was incarcerated for more than 15 years over his proper sentence. Because he reached his minimum sentence date (June 28, 2017) per the Recalculation, Urch argues he should have been released on parole on that date.[3] Respondents filed a brief in opposition to the motion, emphasizing that the Recalculation shows Urch had not reached his *maximum* sentence date (June 28, 2037); consequently, he had no clear right to relief (release).

---

[3] Additionally, Urch asserts the Pennsylvania Parole Board (then known as the Pennsylvania Board of Probation and Parole) did not utilize the corrected minimum and maximum sentence dates when it made its parole decision in December 2019.

3

Respondents then filed an application for summary relief premised on the Recalculation that showed Urch has not served excessive confinement, that is confinement in excess of lawful sentencing orders because he received credit for the 15-year, 26-day discrepancy on his 1991 Sentence toward his total confinement time.

Subsequently, Urch filed a cross-application for summary relief based on his clear right to proper sentence calculation as set forth in the JOP Opinion. He asserts that DOC failed to properly calculate his 1991 Sentence, acting in bad faith, which resulted in him serving time beyond the minimum sentence date of June 28, 2017. He claims "[he] has 'no' negative institutional behavior [sic] in over 10 years of his current incarceration, [and] he does show the ability to function as a law-abiding citizen in society to settle this dispute." Pet'r's Br. in Support of Summary Relief, at 15. For the period following that date, he seeks damages, or alternatively, immediate release.

**B. Undisputed Facts**

Because our prior unpublished decisions set forth the facts in some detail, the background in the JOP Opinion is incorporated by reference. Those facts necessary to our disposition of the excessive confinement claim follow.

Urch is currently serving a 20- to 40-year sentence on his 2007 convictions (involuntary manslaughter/homicide by vehicle, Inmate No. NA6508) (Current Sentence). *See* Status Report, ¶21. The excessive confinement claim relates to the alleged additional time served due to DOC's miscalculation of his 1991 Sentence. The Status Report explains how the Recalculation of the 1991 Sentence altered the minimum and maximum sentence expiration dates on his Current Sentence as follows.

The 1991 Sentence, when recalculated, resulted in a maximum sentence

4

expiration date of <u>January 2, 2003</u>.[4]  Initially, DOC calculated Urch's sentence on the 2007 offenses (*i.e.*, 20 to 40 years) to have a minimum sentence expiration date of June 13, 2036, and a maximum sentence expiration date of June 13, 2056.[5]  That is because the sentence was calculated from that prior maximum sentence date on June 28, 2017, not the recalculated maximum date of January 2, 2003.

Between 1998 and 2007, Urch was recommitted and reparoled multiple times.[6]  Based on the Recalculation, regarding his Current Sentence that is the basis for his complained of confinement, the recalculated minimum sentence date was June 28, 2017, and the recalculated maximum sentence date was June 28, 2037.

## II. Discussion

After briefing, the parties' dispositive motions are ready for disposition.

## A. Motion to Clarify the Record

First, we consider Urch's multiple requests to supplement the record. In January 2020, Urch asked to supplement the record following the JOP Opinion. Despite that we directed the request would be addressed with the merits, (*see* Order dated April 7, 2020), he renewed the request in July 2020.  This Court again, by order dated August 6, 2020, directed the request would be decided with the merits. Then, in August 2020, Urch filed a Motion to Clarify the Record to which he again

---

[4] A 1998 Sentence Status Summary appended to the motion states the expiration of the maximum sentence date for the 1991 Sentence only as April 5, 2002.  *See* Mot. to Clarify, Ex. 4.

[5] That calculation was based on a sentence completion date of July 16, 2017, for Urch's Aggregated Sentence (aggregating the 1991 Sentence and DUI Sentence).

[6] The Status Report provides that, with regard to prior recommitments and reparole between 1998 and 2007, "Urch was recommitted as a parole violator on July 3, 2003[,] to serve 12 months of back time."  Status Report, ¶16(e).  "Pennsylvania statutory law does not set forth the criteria by which credit is to be applied for time served when a parolee commits a crime while on parole."  *Barber v. Dep't of Corr.* (Pa. Cmwlth., No. 305 M.D. 2008, filed July 21, 2009), slip op. at 3, 2009 WL 9101480, at *2 (unreported).

5

appended sentencing orders, sentence status summaries, including one from 1998, and the Recalculation. The Current Sentence Summary (of September 26, 2019), in the section entitled "Remarks," explains the recalculation of his 1991 Sentence pursuant to this Court's JOP Opinion (of August 13, 2019) that partially granted judgment in Urch's favor as to the improper calculation of his multiple sentences. *See* Mot. to Clarify, Ex. 4. Importantly, Respondents did not oppose Urch's motion, which this Court treats as a renewal of prior motions to supplement the record with the attached information. However, to the extent Urch challenges the parole decision rendered by the Parole Board on December 20, 2019, that matter is not properly before this Court as part of his initial complaint, and is not relief that may be sought from the named Respondents here.[7] Also, to the extent the motion challenges the aggregation of his sentences, this Court decided that issue in Respondents' favor in the JOP Opinion.

## B. Dispositive Motions

Before us is Respondents' application for summary relief, and Urch's cross-application for summary relief.[8] This Court reviews an application for summary relief pursuant to Pa. R.A.P. 1532, in accordance with the standards applicable to summary judgment motions. *See Myers v. Commonwealth*, 128 A.3d 846 (Pa. Cmwlth. 2015). Rule 1532 provides that "any time after the filing of a petition for review . . . the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A. P. 1532(b). Summary relief may only be granted "if there are no genuine issues as to any material facts and the right to judgment is

---

[7] Urch requested to amend his petition for review to name the Pennsylvania Parole Board as a party to this action; however, this Court denied the application by order dated August 6, 2020.

[8] Urch also filed a motion for judgment on the pleadings based on the Current Sentence Summary in October 2019, which this Court denied and dismissed by order dated October 30, 2019, without prejudice to either party developing the record for cross-motions of summary relief.

6

clear as a matter of law." *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014). Summary relief is proper where the moving party establishes the case is clear and free from doubt, there are no genuine issues of material fact to be tried, and the movant is entitled to judgment as a matter of law. *See Detar v. Beard*, 898 A.2d 26 (Pa. Cmwlth. 2006).

DOC has a mandatory duty to "faithfully implemen[t] sentences imposed by the courts," and to properly compute an inmate's sentence. *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1001 (Pa. Cmwlth. 2016). Although mandamus is proper for ministerial duties, such as sentence calculation in accordance with a court's sentencing orders, it "will not lie to compel discretionary acts."[9] *Homa v. Pa. Bd. of Prob. & Parole*, 192 A.3d 329, 332 (Pa. Cmwlth. 2018).

It is well-established that "where an offender is incarcerated on both a [Parole] Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299, 309 (Pa. 2003). Thus, the 15-year, 26-day credit on time served for the 1991 Sentence must be credited toward the Current Sentence.

Significantly, Urch admits that "Respondents admit to their error of the [1991 Sentence calculation] [and] have since fixed the error." Pet'r's Br. in Support of Summary Relief at 8 (emphasis added). Thus, he does not contest the accuracy of the Recalculation. Rather, Urch seeks an order directing his release based on an

---

[9] A petition for review in the nature of a mandamus complaint is an extraordinary form of relief for clear rights. *See Detar v. Beard*, 898 A.2d 26 (Pa. Cmwlth. 2006). The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure. *Id.* This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy. *Id.*

alleged clear right to release by the minimum sentence date as set forth in the Recalculation.

Further, from careful review of the record, including the Current Sentence Summary, it is apparent that Urch received credit for the additional time served on his 1991 Sentence toward his Current Sentence.[10] Indeed, he agrees Respondents "fixed" the calculation error. Based on that credit, Urch has recalculated minimum and maximum dates on his Current Sentence which are the accurate dates to be used for calculation of parole eligibility and release.

However, precedent is also clear that "parole is a matter of grace[,] . . . [such that] a prisoner is not automatically entitled to parole upon the expiration of [his] minimum sentence." *Rummings v. Commonwealth*, 814 A.2d 795, 799 (Pa. Cmwlth. 2002). Parole is based on multiple factors, all of which require weighing by the parole decision-makers. *Id.* The decision of whether to grant an inmate parole is within the Parole Board's discretion; it is not an administrative adjudication subject to judicial review. *See Rogers v. Pa. Bd. of Prob. & Parole*, 724 A.2d 319 (Pa. 1999). There is no clear right to *release* upon reaching the minimum sentence date; rather, that date establishes the date of *eligibility* before which parole may not be granted. *Id.*

Because the minimum sentence date (June 28, 2017) does not confer a clear right of release on Urch, despite that it passed over three years ago, he was not excessively confined and is not entitled to summary relief. *Id.*

---

[10] Urch's DUI Sentence was ordered to be consecutive to his 1991 Sentence. As such, DOC did not err in adding the 6- to 12-month sentence to the relevant minimum and maximum sentence dates for the 1991 Sentence, for which the recalculated maximum date was to expire on January 2, 2003.

### III. Conclusion

For the foregoing reasons, this Court grants the application for summary relief in Respondents' favor as to Urch's claim for excessive confinement. As addressed above, Urch is not entitled to release prior to his maximum sentence date, and there is no dispute that date remains several years into the future. To the extent Urch claims he is entitled to parole review or other parole-related relief, he must challenge the basis for the parole decision and/or exhaust his administrative remedies in the proper administrative forum. To enable accurate communication and decisions regarding Urch's confinement going forward, we direct DOC to send a copy of the Current Sentence Summary to the Parole Board upon receipt of this decision so any parole eligibility decisions are based on the Recalculation.

_____
J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wesley Urch,         :
              Petitioner      :
                         :
        v.              :     No. 138 M.D. 2017
                         :
Commonwealth of Pennsylvania,    :
Department of Corrections, Secretary   :
John E. Wetzel, SCI-Forest Superintendent :
Michael D. Overmyer, and All Records    :
Department of Corrections Supervisors, and :
Attorney General,               :
               Respondents    :

## O R D E R

**AND NOW**, this 16th day of December 2020, the application for summary relief filed by Respondents with regard to Petitioner's claim for excessive confinement is GRANTED. As such, Petitioner's cross-application for summary relief on his excessive confinement claim is DENIED.

FURTHER, Petitioner's Motion to Clarify the Record, which the Court deemed an unopposed motion to supplement the record with sentencing information related to the Department of Corrections' (DOC) corrected sentence calculation, which renewed his prior requests to supplement the record, is GRANTED. DOC is directed to send the recalculation (containing the corrected minimum sentence date of June 28, 2017), to the Pennsylvania Parole Board to enable accurate parole decisions.

Having disposed of all claims, the Prothonotary is directed to mark this case closed.

 

_____
J. ANDREW CROMPTON, Judge