IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen F. Baker,                        :
                    Petitioner           :
                                         :
        v.                               :    No. 243 M.D. 2023
                                         :
PA. General Assembly and                 :
PA. Board of Parole,                     :
                    Respondents          :    Submitted: August 9, 2024


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MATTHEW S. WOLF, Judge


**<u>OPINION NOT REPORTED</u>**

MEMORANDUM OPINION BY
JUDGE WOLF                                    FILED:  September 4, 2025


Before this Court in its original jurisdiction are the preliminary objections of the Pennsylvania General Assembly and Pennsylvania Parole Board (Board) (collectively, Respondents) to a Petition for Review filed by Stephen F. Baker (Petitioner), *pro se*.  Through his Petition for Review, Petitioner raises several legal challenges to his sentence of life imprisonment without parole and, on the basis of those challenges, seeks a declaratory judgment that Section 6137(a)(1) of the Parole Code[1] is unconstitutional, and other forms of relief.  For the reasons that follow, we

---

[1] In relevant part, Section 6137(a)(1) provides that the Board "may parole . . . any offender to whom the power to parole is granted to the board by this chapter, **except an offender condemned to death or serving life imprisonment**." 61 Pa.C.S. § 6137(a)(1) (emphasis added).

sustain Respondents' preliminary objections as to jurisdiction and dismiss the Petition for Review.

## I. Background

Petitioner avers that on September 11, 2006, he pled guilty to two counts of second-degree murder under 18 Pa.C.S. § 2502(b).[2] Pet. for Review ¶ 8; *see also Commonwealth v. Stephen Frederick Baker, Jr.*, CP-31-0000013-2005 (Huntingdon C.C.P.). Pursuant to 18 Pa.C.S. § 1102(b), which provides that "a person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment," a Common Pleas judge sentenced Petitioner to two concurrent life terms. Pet. for Review ¶¶ 9-10. On March 15, 2023, Petitioner submitted a parole application to the Board, arguing, *inter alia*, that 18 Pa.C.S. § 1102(b)'s plain language does not expressly render persons guilty of second-degree murder permanently ineligible for parole. *Id.* ¶¶ 11-12; *see also id.*, Ex. A, Application for Parole. In an April 3, 2023 response, the Board advised Petitioner as follows: "[u]pon review of your application for parole and the Department of Corrections records of your sentencing, it appears that you are serving a life sentence and are therefore not eligible for parole consideration based upon 61 Pa.C.S.§ 6137(a)." *Id..*, Ex. B.

---

[2] 18 Pa.C.S. § 2502(b) provides that a "criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony." 18 Pa.C.S. § 2502(d) further defines "[p]erpetration of a felony" as the "act of the defendant in engaging in or being an accomplice in the commission of, or an attempt to commit, or flight after committing, or attempting to commit robbery, rape, or deviate sexual intercourse by force or threat of force, arson, burglary or kidnapping."

## II. The Petition for Review

Following the Board's denial of his parole application, Petitioner filed his Petition for Review in this Court on May 19, 2023. Therein, Petitioner purports that he "IS NOT challenging (in any way, shape, or form) the sentence imposed [on him] or the sentencing procedure." Pet. for Review ¶ 67 (emphasis in original). The Petition for Review's sole claim, he maintains, is that Section 6137(a)'s permanent ban on parole eligibility is "unconstitutional (as applied to [Petitioner]) because it attaches a more severe punishment upon [him] AFTER the prosecution has been terminated[,] and it is imposed by the wrong governmental entity." *Id.* ¶ 25. Petitioner then advances arguments that Section 6137(a) is thereby "unconstitutional . . . pursuant to the Bill of Attainder,[3] Ex Post Facto,[4] and Double Jeopardy[5] Clauses of the United States Constitution." *Id.* ¶ 75.

First, to support the contention that Section 6137(a) constitutes an unlawful bill of attainder, Petitioner cites the United States Supreme Court's observation in

---

[3] The United States Constitution prohibits the passage of bills of attainder, which this Court has characterized as "a legislative enactment [that] determines guilt and inflicts punishment upon an identifiable person or group without a judicial trial." *Shultz v. Workers' Comp. Appeal Bd. (Leroy Roofing Co.)*, 621 A.2d 1239, 1242 (Pa. Cmwlth. 1993) (quoting *Commonwealth v. Scheinert*, 519 A.2d 422, 425 (Pa. Super. 1986)); *see also* U.S. CONST. art. I, § 9.

[4] "Both the United States and Pennsylvania Constitutions prohibit the enactment of *ex post facto* laws," i.e., laws "adopted after the complaining party committed the criminal acts and inflicts a greater punishment than the law annexed to the crime, when committed." *McGinley v. Pa. Bd. of Prob. and Parole*, 90 A.3d 83, 89-90 (Pa. Cmwlth. 2014) (citing *McGarry v. Pa. Bd. of Prob. and Parole*, 819 A.2d 1211, 1214 (Pa. Cmwlth. 2003)); *see also* U.S. CONST. art. I, § 10; PA. CONST. art. I, § 17.

[5] The Double Jeopardy Clause "protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense." *Commonwealth v. Johnson*, 231 A.3d 807, 819 (Pa. 2020) (citing *United States v. Dinitz*, 424 U.S. 600, 609 (1976)); *see also* U.S. CONST. amend. V; *Benton v. Maryland*, 395 U.S. 784, 794 (1969) (holding that the Double Jeopardy Clause applies to state governments).

*United States v. Brown*, 381 U.S. 437, 448-49 (1965), that the Bill of Attainder Clause prohibits "[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." Pet. for Review ¶ 33. Petitioner reasons that Section 6137(a) imposes a criminal punishment "directly . . . upon the easily identifiable group of . . . life[-]sentenced prisoners" who have been found guilty of second-degree murder, and is therefore unconstitutional. *Id.* ¶ 50.

Second, in support of his claim that Section 6137(a) is an unconstitutional *ex post facto* law, Petitioner observes that, while awaiting sentencing in 2006, he remained in "the custody of the [j]udicial [b]ranch of Pennsylvania government." Pet. for Review ¶ 55. At that time, Petitioner argues, only 18 Pa.C.S. § 1102(b)'s express penalty of life imprisonment was available; it was only upon his passage into "the custody and jurisdiction of the [e]xecutive [b]ranch," after sentencing, that Section 6137(a) was applied to his case. *Id.* Thus, Petitioner argues, Section 6137(a) only gains force after the completion of sentencing, and "changes the quantum of punishment previously imposed by a Pennsylvania judge at that event." *Id.* ¶ 57. Petitioner further argues that Section 6137(a) denied him of the possibility of parole "without any notice." *Id.* ¶ 58.

Third, in support of the contention that Section 6137(a) violates the Double Jeopardy clause, Petitioner reiterates his argument that that provision operates "at a separate time" from 18 Pa.C.S. § 1102(b). Pet. for Review ¶ 63. Petitioner reasons that Section 6137(a)'s denial of parole is therefore "burdened upon [P]etitioner at a later date" than his sentencing, thereby unlawfully imposing a second punishment "for the same crime." *Id.* ¶¶ 64-66.

4

In light of what he regards as Section 6137(a)'s constitutional infirmities, Petitioner asks this Court to issue (1) a writ of prohibition barring Respondents from enforcing the provision; (2) a declaratory judgment that 18 Pa.C.S. § 1102(b) does not impose a punishment of life imprisonment without parole; and (3) "an order striking down" the provision as a violation of the Bill of Attainder, Ex Post Facto, and Double Jeopardy Clauses. Pet. for Review ¶¶ 2, 27, 75. Petitioner also requests the appointment of counsel and an evidentiary hearing "based upon the exceedingly complex issues involved in this civil action." *Id.* ¶ 76.

### III. Discussion

We first note that, when ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Loomis v. Bd. of Prob. & Parole*, 878 A.2d 963, 965 n.5 (Pa. Cmwlth. 2005). However, we are not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Bright v. Pa. Bd. of Prob. & Parole*, 831 A.2d 775, 777 (Pa. Cmwlth. 2003). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them. *McNew v. East Marlborough Twp.,* 295 A.3d 1, 8-9 (Pa. Cmwlth. 2023).

Respondents have filed separate preliminary objections, but both parties begin with the assertion that the Petition for Review should be dismissed for lack of subject matter jurisdiction and improper venue, pursuant to Pa.R.Civ.P. 1028(a)(1). The General Assembly argues that Petitioner "challenges the constitutionality of his sentence of life imprisonment without parole," an action that can only be brought "pursuant to and in the manner prescribed by the Post Conviction Relief Act

5

[(PCRA)], 42 Pa.C.S. §§ 9541-9546." Gen. Assembly's Prelim. Objs. ¶¶ 9-11. Citing Section 761(a)(1)(i) of the Judicial Code,[6] 42 Pa.C.S. § 761(a)(1)(i), the General Assembly further asserts that such actions have been excluded from this Court's original jurisdiction. *Id.* ¶ 12. The Board argues that our lack of jurisdiction over the matter leaves us with only two choices, "transfer to a tribunal with jurisdiction" or outright dismissal, and urges this Court to choose the latter. Board's App. For Relief ¶¶ 7-8.

In a Brief to this Court, the Board further argues that *Scott v. Pennsylvania Board of Probation and Parole* (*Scott II*), 284 A.3d 178 (Pa. 2022), is controlling precedent on this question. In that case, four persons serving life sentences for second-degree murder filed a petition for review in this Court's original jurisdiction, seeking declaratory relief against the Board. *See Scott v. Pa. Bd. of Prob. & Parole* (*Scott I*), 256 A.3d 483, 485 (Pa. Cmwlth. 2021). Therein, the petitioners argued that Section 6137(a)(1) is unconstitutional as applied on the grounds that depriving them of any opportunity for parole was cruel and unusual punishment in violation of the United States Constitution.[7] *Id.* at 486. Of particular relevance to us is the petitioners' contention that they were not challenging Section 1102(b) of the Crimes

---

[6] Section 761(a)(1)(i) of the Judicial Code provides that this Court shall have original jurisdiction of all civil actions or proceedings "[a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity, except actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court." 42 Pa.C.S. § 761(a)(1)(i). Section 761(b) further provides that our jurisdiction shall be exclusive, "except as provided in section 721 (relating to original jurisdiction) and except with respect to actions or proceedings by the Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas." *Id.* § 761(b).

[7] *See* U.S. CONST. amend. VIII.

6

Code, 18 Pa.C.S. § 1102(b), or their confinement, but merely the "condition" of lifetime parole ineligibility imposed on them by Section 6137(a) of the Parole Code, 61 Pa.C.S. § 6137(a). *Id.* at 488. Rejecting that argument, this Court held that the petitioners were indeed attempting a collateral attack of their sentences, a matter over which we lacked jurisdiction, and dismissed the petition. *Id.*

On appeal, our Supreme Court considered the petitioners' claims in light of the PCRA, which is "the sole means of obtaining collateral [post-conviction] relief[,] and encompasses all other common law and statutory remedies for the same purpose that exist" at the time of the PCRA's enactment. *Scott II*, 284 A.3d at 186 (citing 42 Pa.C.S. § 9542). The General Assembly limited the PCRA's relief to claims "filed within one year of when a petitioner's judgment of sentence becomes final," a condition the Court described as "a jurisdictional limitation." *Id.* at 187 (citing 42 Pa.C.S. § 9545). Crucially, claims that are "in the nature of applications for a writ of habeas corpus or post-conviction relief," a category comprising all PCRA claims, are "removed from the Commonwealth Court's original jurisdiction." *Id.* at 186 (citing 42 Pa.C.S. § 761(a)(1)).

To determine whether a prisoner's petition falls within the PCRA (and thus outside our jurisdiction) or is properly characterized as a claim of parole eligibility (which would be squarely within it) the Supreme Court formulated the following rule: "if the necessary consequence of granting relief based on the supplied arguments is that the conviction or sentence is undone or otherwise modified, then the claim is in the nature of . . . a writ of habeas corpus or post-conviction relief." *Id.* at 189 (cleaned up). With that objective in mind, the Court contrasted the legal theories advanced by the petitioners with those advanced in *Hudson v. Pennsylvania Board of Probation & Parole*, 204 A.3d 392 (Pa. 2019), in which an inmate serving

7

a life sentence for second-degree murder argued that he had completed Section 1102(b)'s "implied minimum [sentence] of one day of confinement." *Id.* at 184 (citing *Hudson*, 204 A.3d at 394). Although the *Hudson* petitioner did not ultimately prevail on the merits,[8] he was permitted to bring his claim into this Court's original jurisdiction because it "required only a determination of whether his sentence included an implied minimum of one day." *Id*. at 189. Such a claim was "**not** in the nature of a writ of habeas corpus or post-conviction relief," the Court reasoned, because the *Hudson* petitioner's "conviction and sentence would remain wholly unchanged" had his legal theory prevailed. *Id.* (emphasis in original).

Unlike the petitioner in *Hudson*, the Court determined the *Scott* petitioners were expressly challenging the legality of their continued confinement on constitutional grounds, a claim which belonged in a court of common pleas. *Id.* at 198. In reaching that conclusion, the Court was unmoved by the petitioners' "creative" argument that their parole ineligibility under the Parole Code could be "divorce[d]" from their criminal sentence under the Crimes Code, for two reasons. *Id.* at 191. The first was the Court's ultimate holding in *Hudson* that no minimum sentence could be presumed from the imposition of a life sentence; if there is no minimum sentence, the Court reasoned, then "ineligibility for parole is part of [that] sentence." *Id.* The second reason was that the case law on which the petitioners relied to contest their continued confinement, such as *Miller v. Alabama*, 567 U.S. 460 (2012), "involve[d] the constitutionality of criminal *sentences*." *Id.* at 193 (emphasis added). The petitioners sought "to build on [those] cases by eliminating

_____

[8] The Court in *Hudson* held that the very concept of minimum sentences, as governed by 42 Pa.C.S. § 9756(b)(1) (providing that a sentencing court "shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed"), did not apply to mandatory life sentences for second-degree murder. 204 A.3d at 398.

the Commonwealth's ability to impose their punishment"—that is, they "challenge[d] the legality of their sentence." *Id.* at 194. Permanent parole ineligibility is thus not a condition improperly imposed on the second-degree murder "sentencing scheme," the Court concluded; by the petitioner's own admission, it is the direct result of that sentencing scheme. *Id.* at 195.

Affirming our dismissal of the petition for review, the Court observed in *Scott* that legal challenges to continued confinement such as those brought by the petitioners "must proceed . . . under the PCRA." *Id.* at 198. Since the petitioners' convictions all occurred far longer than one year before they brought the action, however, even they acknowledged that any possible PCRA relief would be time-barred. *Id.* n.17. Thus, citing "judicial economy," the Court declined to have the matter transferred to a common pleas court. *Id.*

Returning to the instant matter, we note that Petitioner correctly recites the rule developed in *Scott II* to determine whether a claim is in the nature of a writ of habeas corpus or post-conviction relief. *See* Petitioner's Response to Gen. Assembly's Prelim. Objs. at 2. However, Petitioner does not offer an explanation as to why *Scott II* is distinguishable from his case. Instead, Petitioner merely reiterates the contention that he "is not now [challenging], nor has he ever[] challenged[,] the constitutionality of the penal statute 18 Pa.C.S. §1102(b)." *Id.* If this Court grants the requested relief, Petitioner explains, he "must still serve [the] sentence of a term of life imprisonment" imposed by the sentencing court. *Id.* Petitioner maintains that only the separate question of the constitutionality of Section 6137(a) of the Parole Code, 61 Pa.C.S. § 6137(a), is at issue in this case. Since its validity can be attacked without requesting that his sentence be modified or undone, Petitioner reasons, his action does not seek post-conviction relief.

9

We disagree with Petitioner's arguments and conclude that the Petition for Review constitutes a collateral attack on his criminal sentence. In so doing, we note that the relief he seeks, and the arguments he advances in pursuit of that relief, are identical to those sought and advanced by the petitioners in *Scott I* and *II*. Petitioner himself characterizes the permanent ban on parole eligibility imposed on him as "a more severe punishment" than a prison sentence with the possibility of parole. Pet. for Review at 4. Thus, by Petitioner's own words, it would be impossible to grant the requested relief unless that punishment is "undone or otherwise modified." *Scott II*, 284 A.3d at 189. We therefore conclude that Petitioner's claims sound in the nature of an application for post-conviction relief under the PCRA, over which this Court lacks jurisdiction.

Lastly, we must determine whether this matter should be dismissed or transferred to common pleas, which is the proper venue for a PCRA claim. Section 5103(a) of the Judicial Code provides that, generally, this Court "shall not dismiss an erroneously filed matter for lack of jurisdiction, but shall transfer the case to the proper tribunal." 42 Pa.C.S. § 5103(a). Notwithstanding this general rule, we conclude that transfer is inappropriate in this matter for the reasons set forth in Respondents' preliminary objections. Specifically, neither the General Assembly nor the Board is a proper party to this action, as the Commonwealth participates in proceedings under the PCRA. *See Hill v. Governor of Commonwealth*, 309 A.3d 238, 245 (Pa. Cmwlth.), *aff'd*, 317 A.3d 551 (Pa. 2024) (dismissing rather than transferring because "Respondents are not proper parties" to a claim under the PCRA); *see also Scott I*, 256 A.3d at 495 n.14 (citing Pa.R.Crim.P. 902, 903, 906 and concluding that dismissal, rather than transfer, is proper because the Board is

10

not a proper party to PCRA proceedings).  Because transfer would result in an unjustifiable expenditure of judicial resources, we dismiss the Petition for Review. *Hill*, 309 A.3d at 246.

## IV. Conclusion

For the foregoing reasons, we sustain Respondents' preliminary objections as to jurisdiction and dismiss the Petition for Review with prejudice.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen F. Baker,                    :
                    Petitioner        :
                                      :
          v.                          :    No. 243 M.D. 2023
                                      :
PA. General Assembly and             :
PA. Board of Parole,                 :
                    Respondents       :


# O R D E R


AND NOW, this 4th day of September 2025, the preliminary objections raising lack of jurisdiction filed by the Pennsylvania General Assembly and the Pennsylvania Board of Parole are hereby SUSTAINED. Petitioner Stephen F. Baker's Petition for Review is DISMISSED with PREJUDICE.


_____
MATTHEW S. WOLF, Judge