509 A.2d 430

Stephen P. Waters, Petitioner *v.* Commonwealth of Pennsylvania, Department of Corrections; Charles H. Zimmerman, Superintendent, Graterford State Correctional Institute, and Ms. Young, State Law Librarian for Graterford, Respondents.

Stephen P. Waters, Petitioner *v.* Charles H. Zimmerman, Superintendent, Graterford State Correctional Institution; Curry Shaw, Property Officer; Thomas D. Stachelek, Deputy for Treatment; Stephen R. Lucach, Deputy for Operations; David Diguglelmo, Classification and Treatment Manager; Donald Vaughn, Deputy Superintendent, and Commonwealth of Pennsylvania, Bureau of Corrections, Respondents.

Submitted on briefs February 25, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen P. Waters,* petitioner, for himself.

*Gregory R. Neuhauser,* Deputy Attorney General, with him, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, for respondents.

OPINION BY SENIOR JUDGE BARBIERI, May 15, 1986:

Stephen P. Waters, petitioner, an inmate presently serving a sentence of life imprisonment at the State Correctional Institution at Graterford (SCI-Graterford), has commenced two actions in mandamus coming under our original jurisdiction[1] against the Department of Corrections (Department) and various officials of SCI-Graterford.[2] In one mandamus action, petitioner seeks a writ to compel the officials of SCI-Graterford and the Department, hereinafter referred to simply as respondents, to issue him writing implements and stationery free of charge so that he may pursue various lawsuits which he has pending. In the other mandamus action, he seeks to compel the respondents to permit him certain articles in his cell in the Restrictive Housing Unit (RHU) at SCI-Graterford. Respondents have filed preliminary objections to both actions in which they argue that the petitioner has an adequate remedy at law and the actions about which he complains are discretionary actions of prison officials, both of which render mandamus inappropriate. It is respondents' preliminary objections which are before this Court at this time.

The following facts are pertinent. Petitioner commenced a civil action against the Department and various members of the institutional staff at SCI-Graterford in 1984. In that action, petitioner contended that the named respondents violated his right to self-representation by refusing to allow him to have a typewriter, personal law books, and other personal effects, with him in

---

[1] Section 761 of the Judicial Code, 42 Pa. C. S. §761.

[2] Charles H. Zimmerman, Superintendent of SCI-Graterford; Donald Vaughn, Deputy Superintendent of SCI-Graterford; Thomas D. Stachelek, Deputy Superintendent for Treatment; Stephen R. Lucach, Deputy Superintendent for Operations; Curry Shaw, Property Officer; and Ms. Young, the law librarian at SCI-Graterford.

his cell in the RHU at SCI-Graterford.[3] Petitioner concedes that he requested to be housed in RHU on May 30, 1984. Preliminary objections to the complaint were filed on behalf of respondents and they remain pending at this time. Petitioner also sought appointment of counsel which was denied by this Court on the basis that his civil action fell outside the confines of *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981). Petitioner appealed our order which denied him appointed counsel to the Pennsylvania Supreme Court which also refused his request for appointed counsel on July 11, 1985. He then filed for injunctive relief with this Court which was subsequently denied.

In 1985 petitioner commenced a second action in which he seeks a court order to compel the respondents to provide him with writing paper free of charge. The Department has a policy, as outlined in an Administrative Memorandum dated November 13, 1984 (Memorandum), of providing indigent inmates with postage and stationery for use in the preparation of legal documents. Under that policy, an indigent inmate shall, upon request, be provided with a pen and a reasonable amount of clean paper, not to exceed one hundred

---

[3] Department regulations state that inmates shall have reasonable access to notary service and legal reference materials. Among the resources which must be made available to inmates are the Federal and Pennsylvania Constitutions; Federal and Pennsylvania Court Rules; a Law Dictionary; Federal and Pennsylvania appellate court decisions; Titles 18, 35, 42 and 61 of the Pennsylvania Statutes and Pennsylvania Consolidated Statutes; a Digest of Pennsylvania cases; and Title 18, Sections 2241 through 2255 of Title 28 and Sections 1981 through 1985 of Title 42 of the United States Code. *See* 37 Pa. Code §93.8. Petitioner admitted in his petition for writ of mandamus that while in RHU, he could request copies of specific statutes and cases, however, he argued that this ability was unduly restrictive.

pages per lawsuit per month, and carbon paper, free of charge. The Memorandum defines an "indigent inmate" as follows:

> *Indigent Inmate*—For the purposes of this memorandum, an inmate shall be deemed indigent if the combined balances of his institutional account and any other accounts are $10.00 or less at all times during the thirty (30) days preceding the date on which the inmate submits a request to a person designated by the Superintendent. Any inmate who refuses available work, although he is physically able and not precluded from work by virtue of his housing status, is not indigent for the purposes of this memorandum and is not eligible for free stationary [sic] or to anticipate postage. Inmates who are self confined may also be considered as refusing available work although physically able as determined by the Program Review Committee. Any inmate who has funds in another account, which if deposited in his institutional account would bring his balance to more that $10.00, is not eligible. Any inmate who has not made a good faith effort to manage his money so as to be able to pay the necessary costs of litigation himself is not eligible.

Memorandum, §III(A). At the time of his request, petitioner admits having $21.00 in his institutional account and was refused free writing paper in accordance with the policy outlined in the Memorandum. It is petitioner's contention that the policy is unconstitutional in that it denies him reasonable access to the courts solely by reason of his indigency. By order dated April 21, 1986, we consolidated both of petitioner's mandamus actions *sua sponte*.

It is now well-settled that mandamus is available only to compel the performance of a ministerial act or

mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other adequate and appropriate remedy. *St. Clair v. Pennsylvania Board of Probation and Parole*, 89 Pa. Commonwealth Ct. 561, 566, 493 A.2d 146, 151 (1985); *Donnell v. Pennsylvania Board of Probation and Parole*, 61 Pa. Commonwealth Ct. 517, 518, 434 A.2d 846 (1981). The purpose of mandamus is not to establish legal rights, but to enforce those rights which are already established. *Jamieson v. Pennsylvania Board of Probation and Parole*, 90 Pa. Commonwealth Ct. 318, 322, 495 A.2d 623, 625 (1985). It is clear that mandamus is not a proper procedure for testing the constitutionality of a statute, regulation or policy. *Booz v. Reed*, 398 Pa. 172, 157 A.2d 170 (1960). Therefore, petitioner's use of the remedy of mandamus to challenge the constitutionality of the Department's policy with regard to determining indigency for provision of free stationery and the type of personal articles permitted in an inmate's cell in the RHU is improper.

We also note that the Department policy, in Section IV(D)(2), provides an appeal procedure through the Consolidated Inmate Grievance Review System.[4] Petitioner admits filing a grievance of the prison staff's refusal to permit him his typewriter and some of his legal articles in his RHU cell, however, he concedes that he did not pursue his grievance past the Superintendent's

---

[4] The Department maintains a prisoner grievance system which allows prisoners to seek review of problems which they experience during their period of incarceration. While the system is designed to provide for review and resolution of prisoner grievances at the most decentralized level possible, the system also provides for a review of the initial decision making and for possible appeal to the Department's central office. Copies of the grievance system procedures are made available to every prisoner under the Department's jurisdiction. *See* 37 Pa. Code §93.9.

level, deciding not to appeal the Superintendent's decision to the Department. We conclude that the Department's inmate grievance review system provides an adequate and meaningful legal remedy which also renders mandamus unavailable.

Having found that petitioner's complaint is not a proper action in mandamus, we must now review the action in light of Section 708(c) of the Judicial Code, 42 Pa. C. S. §708(c). Section 708(c) provides that where an action is commenced in mandamus and is later determined not to be a proper mandamus action but rather an appeal from the determination of a government unit, the court shall not dismiss the action but shall act upon it as an appeal from a determination of the government unit. *Holly v. Pennsylvania Crime Victim's Compensation Board,* 74 Pa. Commonwealth Ct. 609, 460 A.2d 900 (1983). However, in order to treat petitioner's action as an appeal from a determination of a government unit, the determination challenged must constitute a "final order." Section 763(a) of the Judicial Code, 42 Pa. C. S. §763(a); *Robertshaw Controls Co. v. Human Relations Commission,* 67 Pa. Commonwealth Ct. 613, 447 A.2d 1083 (1982). An order is a "final order" and considered appealable if it usually ends the litigation, or alternatively, disposes of the entire case. *Pilzer v. Independence Federal Savings and Loan Association,* 456 Pa. 402, 404, 319 A.2d 677, 678 (1974).

Here, petitioner filed a grievance which he pursued up to the level of the Superintendent of SCI-Graterford, but did not appeal the Superintendent's decision to the Department. In the other case, he merely turned in a request slip to the law librarian at SCI-Graterford in which he requested to be supplied with twenty sheets of bond paper and five sheets of carbon paper in order to amend a pleading that he had filed in federal court. The request for free paper and carbon paper was de-

nied due to the fact that petitioner had a balance of $21.00 in his institutional account and was not eligible for free stationery. Although petitioner could have appealed the denial through the established inmate grievance procedure, he admits that he elected not to do so. Rather, he filed the instant mandamus action with this Court. On these facts, we are convinced that the institution's denial of petitioner's request slip and unappealed Superintendent's decision on his grievance do not constitute final appealable orders under 42 Pa. C. S. §763 due to the existence of an established, extensive administrative appeal procedure which petitioner was required to exhaust prior to seeking judicial review.[5] See *Renegotiation Board v. Bannercraft Clothing, Inc.*, 415 U.S. 1 (1974); *Shenango Valley Osteopathic Hospital v. Department of Health*, 499 Pa. 39, 451 A.2d 434 (1982); *St. Clair*, 89 Pa. Commonwealth Ct. at 568, 493 A.2d at 152. Therefore, we may not treat petitioner's mandamus action as an appeal from a determination of a government unit under 42 Pa. C. S. §708(c) and the action must be dismissed.

## ORDER

NOW, May 15, 1986, the Preliminary Objections of the Department of Corrections are hereby sustained and the petitions of Stephen P. Waters for writs of mandamus against the Pennsylvania Department of Corrections, and the other individually named Respondents, are denied and the petitions are dismissed.

---

[5] We duly note our recent decision in *Al Samad v. Bureau of Corrections*, 93 Pa. Commonwealth Ct. 146, 500 A.2d 1242 (1985), in which we specifically held that the Bureau (now Department) of Corrections' rejection of a prisoner's grievance pertaining to visiting procedures at SCI-Graterford does not constitute an "adjudication" within the meaning of Section 101 of the Administrative Agency Law, 2 Pa. C. S. §101. There, however, we specifically held that the Bureau's decision did *not* implicate any of Al Samad's limited visiting privileges granted under Bureau regulations.