Douglas E. HUMPHREY, Petitioner

v.

DEPARTMENT OF CORRECTIONS,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 10, 2007.

Decided Sept. 26, 2007.

Publication Ordered Dec. 11, 2007.

Douglas E. Humphrey, petitioner, pro se.

William E. Fairall, Jr., Deputy Chief Counsel, and Suzanne N. Hueston, Chief Counsel for Corrections, Camp Hill, for respondent.

BEFORE: LEADBETTER, President Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Douglas E. Humphrey, pro se, filed a Petition for Review (Petition) challenging Department of Corrections (DOC) policy DC–ADM 803–3 as violating state and federal laws and impermissibly restricting his constitutional rights. In response, DOC filed three preliminary objections which are before this Court for disposition.

Humphrey, currently incarcerated at the State Correctional Institution at Smithfield (SCI–Smithfield), alleges that on October 4, 2005, DOC seized from his possession several Uniform Commercial Code (UCC) items pursuant to DC–ADM 803–3 which declares UCC items contraband. (Petition ¶ 4.) Nevertheless, in an attempt to obtain blank UCC filing forms, Humphrey claims he filed a Right–to–Know Request with DOC pursuant to the Right–to–Know Law (RTKL) [1], on October 23, 2006. (Petition ¶ 7.) DOC denied the request on October 27, 2006 and a Right–to–Know Exceptions Officer affirmed the denial for several reasons.[2] Humphrey did not appeal that determination. (DOC's Br., Ex. E, Final Determination ¶¶ 3, 9.)

Before this Court, Humphrey alleges that he filed a Right–to–Know Request with the Department of State (DOS) for blank UCC forms on November 27, 2006. (Petition ¶ 11.) Humphrey claims DOC confiscated DOS's mailed response, including the UCC forms, as contraband under DC–ADM 803–3. (Petition ¶ 12.) Humphrey apparently grieved the confiscation and he attached, to his brief, a copy of the Facility Grievance Officer's denial for failure to state a valid legal reason to possess the UCC forms pursuant to DC–ADM 803–3. (Petitioner's Br. Exs. E–F.) This Petition followed.

Humphrey argues that the prohibition and confiscation of UCC forms under DC–ADM 803–3 violates the Fifth and Fourteenth Amendments of the United States Constitution by depriving him of property without due process and denying him equal protection under the laws. Humphrey alleges DC–ADM 803–3 violates the Pennsylvania Constitution by converting property without just compensation, preventing the right to protect personal prop-

---

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.2–.9.

2. The RTKL Official for DOC "denied the request on the bases that it did not seek public records but only general information or clarification of policy; the documents do not currently exist in the possession of [DOC]; and the documents were not 'public records' as defined in Section 1 of the RTKL, 65 P.S. § 66.1" (Final Determination ¶ 4.) The Exceptions Officer explained that Petitioner's "argument, that Department Policy 803–3 is in conflict with the RTKL, is beyond the purview of my review because it is not a challenge to the denial of documents under the RTKL, but rather a facial challenge to a departmental policy, a challenge that is not correctly made in this forum." (Final Determination ¶ 8.) The Exceptions Officer noted that Petitioner had not challenged the other bases for relief, so they were waived, and that this waiver provided the Exceptions Officer with an independent basis to uphold the RTKL Official's decision. (Final Determination ¶ 9.) However, the Exceptions Officer indicated that, were he to reach these other issues, he agreed that the documents Humphrey requested were not included under the RTKL and that DOC does not maintain the requested documents.

erty, denying the right to seek redress from the government, and denying the exercise of civil rights. (Pet. Br. 1–2 (citing Pa. Const. art. I, §§ 1, 10, 20, 26).) Humphrey further alleges that DC–ADM 803–3 violates the RTKL and the Freedom of Information Act, 5 U.S.C. § 552. Humphrey petitions this Court to vacate DC–ADM 803–3, to order DOC to return the items confiscated, and pay just compensation for the conversion of Humphrey's personal property.

■ DOC filed three preliminary objections[3] alleging that Humphrey: (1) violated Rule 1019(i) of the Pennsylvania Rules of Civil Procedure requiring the attachment of the writings on which the claim is based to the Petition; (2) failed to state a claim upon which relief can be granted, in the form of a demurrer to a mandamus request; and (3) failed to exhaust administrative remedies pursuant to DC–ADM 804.[4]

## I.

In DOC's first preliminary objection it contends that Humphrey submitted the Petition without attaching a copy of DC–ADM 803–3, on which Humphrey based his claim, in violation of Rule 1019(i). In response, Humphrey argues that DOC filed its preliminary objections a day late and, thus, this Court should bar DOC's participation. Moreover, Humphrey asserts that pro se litigants are excused from the stringent standards applied to attorneys and explains that his failure to attach DC–ADM 803–3 resulted from a delay in

obtaining library access from SCI–Smithfield.

Rule 1019(i) provides:

When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa. R.C.P. No 1019(i).

■ We agree that Humphrey failed to attach a copy of DC–ADM 803–3 to his Petition, but overrule DOC's preliminary objection. Humphrey claims that SCI–Smithfield's law library request policy prevented him from timely access to the photocopier. (Petitioner's Reply 11.) Further, Humphrey referenced the substance of DC–ADM 803–3 in his Petition and attached a copy to his brief. We deny DOC's preliminary objection due to Humphrey's pro se status, his attempt to follow the rule, the submission of the writing with his brief and, further, because DOC possessed the writing in question. *Estate of Helsel v. Complete Care Servs., L.P.,* 797 A.2d 1051, 1056 n. 4 (Pa.Cmwlth.2002) (finding a written agreement, "whose existence and substance was pled in part initially, may be relied upon now"); *Narcotics Agents Reg'l Comm. v. American Fed'n of State,* 780 A.2d 863, 869 (Pa. Cmwlth.2001) (finding no rule violation where the written document was in respondent's possession).

■ With regard to DOC's day late filing of its Preliminary Objections, we

---

**3.** We have reordered the preliminary objections to facilitate our analysis.

**4.** The court will sustain a preliminary objection if, after accepting all well-pleaded facts as true and accepting all reasonable inferences that follow from those facts, the law

will not allow recovery on the face of the complaint. *Sheffield v. Department of Corrections,* 894 A.2d 836, 840 (Pa.Cmwlth.2006). Only in circumstances that are "free from doubt" may preliminary objections be sustained. *Id.*

note that this Court may accept a late pleading as justice requires and where the opposing party suffers no prejudice. *Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306, 314 (Pa.Cmwlth.2007). Here, DOC filed its pleading only one day late and Humphrey does not allege that he was prejudiced. Therefore, we will not strike DOC's preliminary objections for untimeliness.

## II.

Next, DOC argues that Humphrey's Petition sounds in mandamus, that Humphrey neither established a clear right to relief, nor a corresponding duty for DOC to act and, thus, this Court should deny the Petition. Additionally, DOC asserts that this Court should deny mandamus relief because Humphrey neglected to exhaust all available administrative remedies. DOC observes that Humphrey neither alleged that he exhausted all administrative remedies, nor stated that he is appealing a DOC order. DOC notes that the grievance system established by DC–ADM 804 has satisfied due process concerns, citing *Waters v. Department of Corrections*, 97 Pa.Cmwlth. 283, 509 A.2d 430, 433 (1986). However, Humphrey argues that he satisfied the requirements for mandamus relief.

 When the petitioner seeks the official performance of a ministerial act or mandatory duty, the petition properly sounds in mandamus. Here, Humphrey requests this Court to order DOC to return confiscated UCC items and vacate DC–ADM 803–3. Therefore, we agree that Humphrey's Petition requests mandamus relief and will consider the Petition in this Court's original jurisdiction pursuant to Section 761(a)(1) of the Judicial Code, *as amended*, 42 Pa.C.S. § 761(a)(1). To properly warrant a grant of mandamus, the petitioner must show that no alternative legal remedy exists. *McCray v. Depart-*

*ment of Corrections*, 582 Pa. 440, 447, 872 A.2d 1127, 1131 (2005). Further, for mandamus relief, the petitioner must establish a clear right to relief and a corresponding duty on the part of the respondent to act. *Id.*

 Our Court has already determined that DC–ADM 803–3 is constitutional, *Bundy v. Beard*, 924 A.2d 723, 729 (Pa.Cmwlth.2007), and, thus, Humphrey cannot show a clear right to relief. "[T]he Constitution sometimes permits greater restriction of ... rights in a prison than it would allow elsewhere." *Beard v. Banks*, 548 U.S. 521, ———–———, 126 S.Ct. 2572, 2577–78, 165 L.Ed.2d 697 (2006). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987). In *Bundy*, this Court applied the four factors relevant in determining the reasonableness of the regulation at issue as set forth in *Turner*, 107 S.Ct. at 2262, and held that they must be considered before a court declares a prison policy unconstitutional: (1) whether a "valid, rational connection" exists between the prison regulation and a legitimate government interest; (2) whether an alternate "means of exercising the right" remains available; (3) the impact on the prison system; and (4) whether a readily available alternative to the policy exists. *Bundy*, 924 A.2d at 729. A policy is constitutional if it reasonably relates to a legitimate penological interest and is "not an exaggerated response" to achieving that interest. *Banks*, 126 S.Ct. at 2578.

DC–ADM 803–3 adequately protects inmates' constitutional rights and satisfies the *Turner* requirements. *Bundy*, 924 A.2d at 729. The facts of *Bundy* are nearly identical to the present case. There, an inmate petitioner alleged that

DOC confiscated UCC items pursuant to DC–ADM 803–3 in violation of his constitutional rights to possess such material. Further, the petitioner claimed that DOC violated the Commonwealth Documents Law, Act of July 31, 1968, P.L. 769, *as amended,* 45 P.S. §§ 1102–1602, and the Regulatory Review Act, Act of June 25, 1982, P.L. 633, *as amended,* 71 P.S. §§ 745.1–.15, by not publishing DC–ADM 803–3 prior to implementing it as an amendment to DC–ADM 803. The petitioner requested an order to prohibit DOC from applying DC–ADM 803–3, and DOC's Secretary, Jeffrey Beard, filed preliminary objections in the nature of a demurrer, which this Court sustained.

In *Bundy,* this Court conducted a *Turner* analysis and held that a reasonable connection existed between DC–ADM 803–3 and DOC's stated penological interests of preventing fraudulent UCC filings against DOC employees and reducing the economic and emotional hardship of expunging false filings.[5] *Bundy,* 924 A.2d at 728–30. Further, this Court noted that by allowing UCC filings when provided with a legitimate legal reason, DC–ADM 803–3 established a minimally obtrusive alternative for inmates. Moreover, this Court found that a right to unrestricted UCC form access would only encourage false filings and that no alternative remedy to DC–ADM 803–3 existed. The petitioner's arguments, that UCC forms qualified as reference materials capable of assisting inmates to prepare legal documents and that adequate methods existed for dealing with fraudulent UCC filings, failed to persuade this Court.

With regard to the petitioner's second challenge, this Court found that prison officials may modify regulations as needed and, where the change minimally affects the public, the measure need not satisfy the normal participation process. *Id.* at 727–28. Therefore, the Commonwealth Documents Law and the Regulatory Review Act had no bearing on DC–ADM 803–3.

In light of *Bundy,* Humphrey failed to show a clear right to relief based on his allegation that DC–ADM 803–3 violates his constitutional rights. However, Humphrey also claims that DC–ADM 803–3 conflicts with the RTKL. Humphrey argues that UCC forms qualify as public records and that requiring a reason for possessing UCC forms violates the language of the RTKL.

▮ Humphrey's allegation that DC–ADM 803–3 conflicts with the RTKL misinterprets the nature of the RTKL. The RTKL states that, "[u]nless otherwise provided by law, a public record shall be accessible for inspection and duplication by a requester." Section 2 of the RTKL, 65 P.S. § 66.2. Humphrey correctly observes that government agencies may not deny a RTKL request based on a Requester's intended use. Section 8 of the RTKL, 65 P.S. § 66.8. However, blank UCC forms fall outside the definition of a "public record" defined by the RTKL as an "account, voucher, or contract ... minute, order or decision." Section 1 of the RTKL, 65 P.S. § 66.1. Because the blank UCC forms are none of those items, Humphrey's request does not fall within the terms of the RTKL. Moreover, even if the RTKL established a right to blank UCC forms, DOC may properly restrict an inmate's rights in accordance with its penological interests

---

**5.** Here, DOC noted Humphrey's history of questionable UCC filings. Humphrey submitted a "Notice of Counterclaim" to this Court in an attempt to escape paying court costs. Humphrey included UCC filings of dubious validity to support his assertion that a dummy organization bearing his name held a greater claim to his inmate account than this Court. (DOC's Br. Ex. D.)

and the *Turner* analysis. Thus, Humphrey failed to show that DC–ADM 803–3 impermissibly conflicts with the RTKL.

Because Humphrey failed to show a clear right to mandamus relief based on his allegations that DC–ADM 803–3 is unconstitutional and conflicts with the RTKL, he cannot show a duty on the part of DOC to vacate DC–ADM 803–3. Thus, mandamus relief is inappropriate and we grant DOC's preliminary objection.

## III.

Lastly, to the extent Humphrey challenges DOC's refusal to return his UCC forms, and thereby may possibly be appealing a DOC determination in our appellate jurisdiction, we will address DOC's third preliminary injunction in which DOC claims Humphrey failed to exhaust all available administrative remedies.

DC–ADM 804 provides, in relevant part:
(a) The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department.
(b) Inmates may also pursue available remedies in State and Federal court.

37 Pa.Code § 93.9.

 A state court will only entertain a Petition for Review that appeals the final order by the relevant government agency. *Waters,* 509 A.2d at 433. Under DC–ADM 804, DOC's decision on appeal from the Superintendent level constitutes a final order. *Id.* at 433–34. Here, Humphrey attached a Grievance Officer's decision to his brief, but his Petition fails to allege that he appealed the Grievance Officer's decision to DOC or even that he appeals any DOC order to this Court. Therefore, unless Humphrey's claim falls under an established exception, we must bar his Petition for failure to exhaust all administrative remedies. *St. Clair v. Board of Probation and Parole,* 89 Pa. Cmwlth. 561, 493 A.2d 146, 152–53 (1985).

 One of those established exceptions to the exhaustion of administrative remedies doctrine is what is termed a "constitutional attack." *Balfour Beatty Constr., Inc. v. Department of Transportation,* 783 A.2d 901, 906 (Pa.Cmwlth.2001). However, this is an "extraordinarily narrow exception," and to fit within it the petitioner must challenge a regulation or statute in its entirety that clearly violates a constitutional right, and the facts must not be in dispute. *St. Clair,* 493 A.2d at 153. "The existence of a constitutional issue must be clear and the mere allegation of the presence of a constitutional question is not sufficient to excuse the failure to exhaust administrative remedies." *Id.*

To the extent that Humphrey's somewhat vague allegations attempt to appeal from a DOC determination, we must sustain DOC's preliminary objection for failure to exhaust administrative remedies. This Court, in *Bundy,* determined that DC–ADM 803–3 passes the *Turner* test and is constitutional. Therefore, Humphrey failed to establish that DC–ADM 803–3 clearly violates a constitutional right and, so, we sustain DOC's preliminary objection.

Accordingly, DOC's preliminary objections are sustained, in part, and overruled, in part. The preliminary objections are sustained to the extent that they address Humphrey's failure to state a claim on which mandamus relief may be granted and Humphrey's failure to exhaust all administrative remedies. However, the pre-

liminary objections are overruled to the extent that they address Humphrey's failure to conform to Pa. R.C.P. No. 1019(i).

### ORDER

NOW, September 26, 2007, the Preliminary Objections of the Department of Corrections are hereby sustained, in part, and overruled, in part. IT IS ORDERED that the Preliminary Objections are **OVERRULED** to the extent that they address Humphrey's failure to conform to Pa. R.C.P No. 1019(i). The Preliminary Objections are **SUSTAINED** to the extent that they address Humphrey's failure to state a claim on which mandamus relief may be granted and Humphrey's failure to exhaust all administrative remedies. The Petition of Douglas E. Humphrey, filed December 12, 2006, is DISMISSED.