# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mitchell A. Titus, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 186 M.D. 2021 |
| | : | Submitted: February 18, 2022 |
| Pennsylvania Department of | : | |
| Corrections, | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                                    FILED: April 28, 2022

The Pennsylvania Department of Corrections (DOC) has filed a preliminary objection (PO) in the nature of a demurrer in response to inmate Mitchell A. Titus's (Titus) petition for review (Petition).[1]  In his Petition, Titus requests this Court order his immediate removal and transfer from custody of the DOC to a medical center. Upon review, we sustain DOC's PO and dismiss Titus's Petition.

Titus is an inmate in DOC's custody at the State Correctional Institution at Dallas (SCI-Dallas).  Titus filed his Petition requesting this Court remove him from

---

[1] Titus initially filed a document entitled "Request for Permenent [sic] Change of Custody and Permanent Transfer Pending Parole[,]" which this Court identified as a petition for review pursuant to Pa. R.A.P. 1513.

DOC custody and transfer him to the Hershey Medical Center's secure adult mental health unit. *See generally* Petition. In his Petition, Titus asserts that he filed a federal civil rights lawsuit against DOC and SCI-Dallas and that being housed in any facility under DOC's control puts him in "personal physical, emotional, and mental danger." Petition ¶¶ 3-5. Additionally, he alleges that he suffers from mental health issues that are made worse by the facility's "gang" showers.[2] Petition ¶¶ 9-13. Titus claims that there is a secure mental health unit located inside the Hershey Medical Center, that the facility has a "well documented success rate in treating [its] patients[,]" and that the facility would be capable of providing him with the "physical health assistance" that he needs. Petition ¶¶ 14-19.

In its PO, DOC asserts that the Petition should be dismissed because it sounds in mandamus and fails to establish that Titus has a clear right to relief. DOC argues that while Titus requests that he be transferred to a medical center, this Court does not have the authority to dictate Titus's housing assignment, permanent facility of incarceration, or prison classification. PO, dated 8/17/21, at 3-4. DOC contends that as the sentencing court has ordered that Titus serve his sentence in the custody of DOC, his placement and classification remain at the discretion of prison administration. *Id.*

Our review of preliminary objections is limited to the contents of the pleadings. *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006). We accept as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those

---

[2] While Titus refers to "gang" showers throughout his Petition and Brief, he fails to define precisely what he means by "gang" showers. In his Brief, Titus discusses a lack of individual shower stalls at the facility. In DOC's PO, DOC refers to the shower facilities as communal showers. As such, this Court treats Titus's reference to "gang" showers to mean communal shower facilities.

2

facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 (Pa. Cmwlth. 2018) (citation omitted). We do not accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). For a preliminary objection to be sustained, it must appear with certainty that the law will not permit recovery, and we resolve any doubt in favor of the non-moving party. *Id.* A preliminary objection in the nature of a demurrer specifically challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). A demurrer can only be sustained in cases where the pleader has clearly failed to state a claim for which relief can be granted. *Torres*, 997 A.2d at 1245.

In considering the demurrer, we first look to DOC's assertion that Titus's Petition sounds in mandamus. Mandamus is an extraordinary remedy used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the part of the respondent to act, and (3) no alternative legal remedy exists. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (citing *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)). While mandamus may be used to compel action or performance of a duty that involves judgment or discretion, it may not be used to direct that exercise of judgment or discretion in a particular way. *Kegerise v. Delgrande*, 183 A.3d 997 (Pa. 2018) (citations omitted). The purpose of mandamus is not to establish legal rights, but to enforce rights that are already established. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007).

Where a petitioner seeks the official performance of a ministerial act or mandatory duty, the petition properly sounds in mandamus. *Humphrey*, 939 A.2d at 991. Titus, a pro se litigant, does not identify the source of his claim as being in

3

mandamus. However, we do not hold *pro se* litigants to the standards expected of attorneys drafting pleadings, and we review the substance of his filing to determine the source of his claimed right. *See Kusper v. Pontikes*, 441 U.S. 51 (1973); *Madden v. Jeffes*, 482 A.2d 1162, 1165 (Pa. Cmwlth. 1984). Here, Titus requests this Court "ORDER his immediate removal and transfer from the [DOC] to the Hershey Medical Center." Petition at 2 (capitalization in original). Because Titus is seeking the performance of a ministerial act, we agree with DOC that Titus's Petition requests mandamus relief.

We consider DOC's PO to Titus's Petition seeking mandamus relief in this Court's original jurisdiction pursuant to 42 Pa.C.S. § 761. Section 761 provides, in pertinent part, that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government[.]" *Id.*

In considering whether Titus has sufficiently pled his mandamus action, we begin by analyzing whether Titus can establish a clear right to relief. As DOC correctly asserts, an inmate in DOC custody does not have the right to be housed in a particular facility. 37 Pa. Code §93.11.[3] It is entirely within DOC's discretion

---

[3] In his Brief, Titus acknowledges that this Court does not have the authority to order that he be placed in the custody of the Hershey Medical Center. Specifically, Titus states:

> [Petitioner] wrongly requested that this Honorable Court [o]rder[ ] that he be plac[e]d in the cus[to]dy of a business of the Commonwealth of Pennsylvania - - Not an[] Agency. This is beyond the scope of this Honorable [C]ourt. This Honorable Court does have the authority and the right to make a Commonwealth of Pennsylvania agency, such as the Department of Corrections (DOC), enforce its own policies and rules.

Pet'r's Br. at 1. In his Brief, Titus goes on to request that this Court order DOC to "enforce its own policies and rules[,]" specifically claiming that DOC has a policy to remove all gang showers and create shower rooms with individual shower stalls on each floor of the housing units in its facilities. We note that Titus failed to raise this claim in his Petition. However, even if we were
**(Footnote continued on next page…)**

4

where to house an inmate. *Clark*, 918 A.2d at 160. Pennsylvania courts have consistently held that prison administration has the authority to determine where prisoners in its custody should be housed. *See Singleton v. Lavan*, 834 A.2d 672, 675 (Pa. Cmwlth. 2003) (acknowledging that prison management is uniquely the province of the executive and legislative branches of government and, as such, the courts may not generally direct the place a prisoner is housed).

An exception to this rule exists where a due process claim is raised. If an inmate can show that a protected liberty interest is at issue, Pennsylvania's courts have consistently held that procedural due process attaches. *Garrison v. Dep't of Corr.*, 16 A.3d 560 (Pa. Cmwlth. 2011) (citing *Wilder v. Dep't of Corr.*, 673 A.2d 30, 32 (Pa. Cmwlth.), *appeal denied*, 681 A.2d 1344 (Pa. 1996)). The principles of due process, however, impose few restrictions on the prisons' use of discretion in facility assignments. The United States Supreme Court has held that although states may create additional protected liberty interests, those interests must generally be limited to claims of freedom from restraint that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Clark*, 918 A.2d at 162 (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).

Titus sets forth two bases on which he claims he has a legal right to relief. First, he requests his custody be transferred due to the federal civil rights claim he filed against DOC and SCI-Dallas. Second, he requests his custody be transferred

---

to address this claim, it is well settled that "administrative rules and regulations do not create enforceable rights in prison inmates." *Tindell v. Dep't of Corr.*, 87 A.3d 1029 (Pa. Cmwlth. 2014). *See also Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017) ("In general, allegations that the [DOC] failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, usually do not create rights in prison inmates.").

because of the "gang" showers negatively affecting his mental health. Neither of these claims involve a protected liberty interest.

First, Titus's Petition fails to plead that he has a protected liberty interest in being transferred to the medical center due to his federal civil rights filing. Titus makes general allegations about the danger of being housed in a DOC facility while maintaining a federal lawsuit against DOC and SCI-Dallas. However, he fails to assert that he has endured any atypical or significant hardships as compared with ordinary prison life because of this filing. He fails to outline any specific circumstances imposed by DOC after filing his federal claim that placed him in "physical, emotional, and mental danger." *See* Petition ¶¶ 3-5. Additionally, he fails to cite any authority that the mere filing of a civil complaint against DOC is sufficient to mandate that his custody be transferred.

Second, Titus's Petition fails to plead that he has a protected liberty interest in being transferred to the medical center due to the "gang" showers at SCI-Dallas. Titus alleges that he is forced to use "gang" showers and that this negatively impacts his mental health. However, he fails to demonstrate how the shower facilities have forced him to endure any atypical or significant hardships, specifically in relation to ordinary incidents of prison life. In fact, his Petition alleges that "SCI-Dallas **maintains** gang showers," leading to the conclusion that all inmates housed at SCI-Dallas utilize the same shower environment. Petition ¶ 11 (emphasis added).

Because Titus has failed to plead a due process violation, he has failed to plead a clear right to relief. Accordingly, Titus is not entitled to the mandamus relief he seeks. Therefore, we sustain DOC's PO and dismiss Titus's Petition.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mitchell A. Titus,
            Petitioner

        v.            :   No.  186 M.D. 2021

Pennsylvania Department of
Corrections,
            Respondent

# **O R D E R**

    **AND NOW**, this 28th day of April 2022, the Preliminary Objection in the nature of a demurrer filed by the Pennsylvania Department of Corrections is **SUSTAINED**, and the Petition for Review filed by Mitchell A. Titus is **DISMISSED**.

 

                                        _____
                                        STACY WALLACE, Judge