IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Puricelli,                          :
                        Petitioner         :
                                          :
            v.                            :   No.  42 M.D. 2022
                                          :   Submitted:  July 22, 2022
Commonwealth of                           :
Pennsylvania Department                   :
of Transportation (Office of              :
Chief Counsel),                           :
                        Respondent         :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE WALLACE                          FILED:  January 4, 2023


        Commonwealth of Pennsylvania, Department of Transportation (PennDOT),
has filed a preliminary objection (PO) in the nature of a demurrer to Brian
Puricelli's (Puricelli) petition for review in the form of a complaint for mandamus
relief (Petition).[1]  In his Petition, Puricelli requests this Court order PennDOT to
provide requested records related to a civil action pending in the Court of Common
Pleas of Bucks County (Bucks County Court).   After review, we sustain
PennDOT's PO and dismiss the original jurisdiction portion of Puricelli's Petition.

---

[1] Puricelli has filed a dual jurisdiction Petition, seeking both appellate review of PennDOT's
adjudication regarding his request for records and mandamus relief in our original jurisdiction.

Puricelli was the plaintiff in a civil action against Winston Williams (Driver) in Bucks County Court, where he alleged personal injury/property damage caused by Driver during a motor vehicle collision. Petition ¶¶ 6-7. While this case was pending, Bucks County Court entered judgment in favor of Puricelli and against Driver. *See* Trial Ct. Judgment Arbitration 5/10/2022. In response, this Court issued a Rule to Show Cause why Puricelli's Petition was not rendered moot by the Bucks County Court judgment entered in his favor, to which Puricelli responded asserting that the matter was not moot as it was capable of repetition yet evading review. *See* Puricelli's Cause, Pursuant to the August 19, 2022 Per Curiam Show Cause Order. Satisfied that Puricelli has shown cause why this case should not be dismissed as moot, we turn to the merits.

The relevant facts, as averred by Puricelli, are as follows. At the time of the collision between Puricelli and Driver, Driver had a valid Pennsylvania driver's license. Petition ¶ 7. At some point after obtaining his driver's license, Driver became blind in one eye following a "stabbing incident." Petition ¶ 7. Driver admitted to a history of collisions with other vehicles but claimed not to have records of those prior collisions. Petition ¶ 9. Additionally, Driver claimed not to know his vision acuity or whether he informed PennDOT of his vision acuity change after he lost vision in one eye. Petition ¶ 9.

Based on these assertions by Driver, Puricelli filed a motion with the Bucks County Court requesting leave to obtain PennDOT records of Driver. Petition ¶ 10. Driver consented to Puricelli's request. Petition ¶ 10. Bucks County Court entered an order indicating that Puricelli "may produce a copy of this Order to [PennDOT] to confirm that [Driver] has consented, and this Court orders, the

2

release of [Driver's] complete driving history to [Puricelli]."  Petition, Exhibit (Ex.) A.

Subsequently, Puricelli submitted a PennDOT "Request for Driver Information Form" (record request form), payment, a cover letter, and the Bucks County Court order to PennDOT.  The record request form instructs the requester to check only one box and offers seven options for requesting PennDOT records including: (1) basic information; (2) 3-year driver record; (3) 10-year driver record; (4) full history; (5) certified driver record; (6) copy of document from file (microfilm); and (7) certified copy of document from file.  Petition, Ex. C.  On Puricelli's record request form, he checked the box requesting a "certified copy of document from file."  *Id*.  In his cover letter, Puricelli specified that he was requesting the following:

> [A]side from [Driver's] driving history for accidents and traffic violations, and the dispositions, requested from PennDOT is the following: all eye exams of [Driver] . . . [a]ll notice to PennDOT by or for [Driver] of his blindness, vis[i]on change, and vision acuity.  All records for licensing, restrictions, and renewal of [Driver's] license, if a restriction was removed, then the records for the reason and date when the restriction was removed.  Further, all records concerning or related to any and all administrative action against [Driver] and too the disposition of such.  All [PennDOT] records about [Driver][,] and too those that are related to a physician record created by PennDOT or sent to PennDOT for PennDOT to license [Driver] as a licensed driver in the Commonwealth of Pennsylvania.  Also, all applications from or for [Driver] to become licensed, suspensions, reinstatement and renewed records of his driver's license.  In short, all records that PennDOT hold[s] and are about [Driver].

Petition, Ex. B.

In response, PennDOT sent Puricelli a letter (PennDOT letter) indicating that it was in receipt of the request for "certain medical information pertaining to

3

[Driver]" and, relying on 75 Pa. C.S. §§ 1518(c)-(d)[2] and 1519(b)-(c)[3] of the Vehicle Code, that it was "prohibited by statute from releasing any such records it

_____

[2] Section 1518(c)-(d) states the following:

(c) Responsibility of institution heads.--The person in charge of every mental hospital, institution or clinic, or any alcohol or drug treatment facility, shall be responsible to assure that reports are filed in accordance with subsection (b).

(d) Confidentiality of reports.--The reports required by this section shall be confidential and shall be used solely for the purpose of determining the qualifications of any person to drive a motor vehicle on the highways of this Commonwealth.

75 Pa. C.S. § 1518(c)-(d).

[3] Section 1519(b)-(c) states the following:

(b) Confidentiality of reports and evidence.--Reports received by the department for the purpose of assisting the department in determining whether a person is qualified to be licensed and reports of examinations authorized under this subchapter are for the confidential use of the department and may not be divulged to any person or used as evidence in any trial except that the reports and statistics and evaluations used by the department in determining whether a person should be required to be examined under this subchapter shall be admitted in proceedings under section 1550 (relating to judicial review).

(c) Recall or suspension of operating privilege.--The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle. The department shall suspend the operating privilege of any person who refuses or fails to comply with the requirements of this section until that person does comply and that person's competency to drive is established. Any person aggrieved by recall or suspension of the operating privilege may appeal in the manner provided in section 1550. The judicial review shall be limited to whether the person is competent to drive in accordance with the provisions of the regulations promulgated under section 1517 (relating to Medical Advisory Board).

**(Footnote continued on next page…)**

may hold to anyone for any purpose and may use such records only to determine whether the subject of the records is qualified to operate motor vehicles." Petition, Ex. D. PennDOT indicated that due to the "limits placed on [PennDOT] and, more specifically, the prohibition against disclosing the records you seek . . . [PennDOT] is not able to provide the medical forms or reports that you seek." *Id*.

Subsequently, Puricelli filed his Petition with this Court. In his Petition, Puricelli asserts that the PennDot letter is an adjudication. Petition ¶ 14. Puricelli requests this Court "review [PennDOT's] adjudication and reverse. Further by Mandamus order [PennDOT] to obey the [Bucks County Court] Order, and send the certified records to the petitioner, including for vision acuity." Petition at 12. PennDOT filed its PO in the nature of a demurrer asserting that Puricelli's Petition fails to state a claim upon which relief can be granted.

Our review of a preliminary objection is limited to the contents of the pleadings. *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 415 (Pa. Cmwlth. 2006). We accept as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421, 423 (Pa. Cmwlth. 2018) (citation omitted). We do not accept as true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). For a preliminary objection to be sustained, it must appear with certainty that the law will not permit recovery, and we resolve any doubt in favor of the non-moving party. *Id*. A preliminary

---

**(continued…)**

75 Pa. C.S. § 1519(b)-(c).

5

objection in the nature of a demurrer specifically challenges the legal sufficiency of a pleading. *See* Pa.R.Civ.P. 1028(a)(4). A demurrer can only be sustained in cases where the pleader has clearly failed to state a claim for which relief can be granted. *Torres*, 997 A.2d at 1245.

Mandamus is an extraordinary remedy used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the respondent to act, and (3) a lack of any alternative legal remedy. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (citing *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)). The purpose of mandamus is not to establish legal rights, but to enforce rights which are already established. *Jamieson v. Pa. Bd. of Prob. & Parole*, 495 A.2d 623, 625 (Pa. Cmwlth. 1985). Mandamus cannot be used to direct the exercise of discretion of an official in a particular way nor will mandamus issue to compel a party to do that which is illegal, invalid, or in violation of a statute. *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007); *Jamieson*, 495 A.2d at 625-26.

In considering whether Puricelli has sufficiently pled his mandamus action, we begin by analyzing whether Puricelli can establish a clear right to relief. To do so, we must consider the provisions of the Vehicle Code, 75 Pa. C.S. §§ 101-9701, that are crucial to our discussion of this case. In enacting the Vehicle Code, one of the overriding goals of the legislature was to promote and facilitate the safety of our public highways. *Crosby by Crosby v. Sultz*, 592 A.2d 1337, 1343-45 (Pa. Super. 1991). In furthering this purpose, the legislature considered that there are certain medical disorders which by their nature have a discernable impact upon an individual's ability to safely drive. *See* 75 Pa. C.S. §§ 1517-1518; 67 Pa. Code §§ 83.1-83.3.

6

Section 1517 of the Vehicle Code provides for the creation of a Medical Advisory Board, which is comprised of a variety of medical, law enforcement, and government officials and is responsible for developing rules and regulations pertaining to the physical and mental criteria for the licensing of drivers, which are then reviewed and adopted by PennDOT. 75 Pa. C.S. § 1517(b) and 67 Pa. Code § 83.1. The requisite medical conditions are outlined in the Pennsylvania Code at 67 Pa. Code § 83.5.

The legislature imposes upon physicians who diagnose and treat such medical conditions the duty to notify PennDOT of the existence of individuals who are diagnosed with these specific conditions and who, in the opinion of the physician, are rendered unable to drive in a safe manner. This requirement is outlined in Section 1518(b) of the Vehicle Code, which states:

> All physicians, podiatrists, chiropractors, physician assistants, certified registered nurse practitioners and other persons authorized to diagnose or treat disorders and disabilities defined by the Medical Advisory Board shall report to [PennDOT], in writing, the full name, date of birth and address of every person over 15 years of age diagnosed as having any specified disorder or disability within ten days.

75 Pa. C.S. § 1518(b). Thus, the Vehicle Code's reporting requirements effectively apply to various medical personnel who are capable of making diagnostic determinations and treating the specified medical conditions.

Additionally, Section 1519(a) of the Vehicle Code states:

> [PennDOT], having cause to believe that a licensed driver or applicant may not be physically or mentally qualified to be licensed, may require the applicant or driver to undergo one or more of the examinations authorized under this subchapter in order to determine

7

the competency of the person to drive. [PennDOT] may require the person to be examined by a physician, a certified registered nurse practitioner, a physician assistant or a licensed psychologist designated by [PennDOT] or may require the person to undergo an examination by a physician, a certified registered nurse practitioner, a physician assistant or a licensed psychologist of the person's choice. If [PennDOT] designates the physician, a certified registered nurse practitioner, a physician assistant or licensed psychologist, the licensed driver or applicant may, in addition, cause a written report to be forwarded to [PennDOT] by a physician, a certified registered nurse practitioner, a physician assistant or a licensed psychologist of the driver's or applicant's choice. Vision qualifications may be determined by an optometrist or ophthalmologist. [PennDOT] shall appoint one or more qualified persons who shall consider all medical reports and testimony in order to determine the competency of the driver or the applicant to drive.

75 Pa. C.S. § 1519(a). Thus, Sections 1518 and 1519 of the Vehicle Code unambiguously govern PennDOT's acquisition of various medical records it receives from medical providers related to a driver's competency and eligibility to obtain or retain a driver's license. 75 Pa. C.S. §§ 1518-1519.

Turning to the specific issue raised in this case, both Sections 1518 and 1519 provide provisions safeguarding the confidentiality of the reports received by PennDOT under these sections. Pursuant to Section 1518(d), the reports required by Section 1518 "shall be confidential and shall be used solely for the purpose of determining the qualifications of any person to drive a motor vehicle on the highways of this Commonwealth." 75 Pa. C.S. § 1518(d). Further, Section 1518(e) indicates that no report provided to PennDOT under this section "shall be used as evidence in any civil or criminal trial" except in a proceeding related to

incompetency. Section 1519(b) further specifies that reports received by PennDOT for the purpose of assisting PennDOT with a competency determination "are for the confidential use of [PennDOT] and *may not be divulged to any person or used as evidence in any trial[.]*" 75 Pa. C.S. §1519(b) (emphasis added).

In interpreting these sections of the Vehicle Code, it is this Court's duty to ascertain the intent of the General Assembly and construe every statute, if possible, in a manner that gives effect to all of its provisions. 1 Pa. C.S. § 1921. When a statute is clear and free from all ambiguity, we must consider the plain meaning of its words. *Id.*; *Combine v. Workers' Comp. Appeal Bd. (Nat'l Fuel Gas Distrib. Corp.)*, 954 A.2d 776 (Pa. Cmwlth. 2008). Further, we presume the General Assembly does not intend results that are absurd, impossible of execution, or unreasonable. *Hannaberry HVAC v. Workers' Comp. Appeal Bd. (Snyder, Jr.)*, 834 A.2d 524 (Pa. 2003).

Here, the intent of the legislature is clear from the language of the Vehicle Code. In furtherance of the legislature's goal of promoting safe highways, PennDOT is tasked with determining whether individuals are competent to drive and permitted to obtain or retain a driver's license. In order to accomplish this task, PennDOT must have access to records pertaining to medical conditions that could impact an individual's ability to safely drive. The legislature specifically indicates in the statute that these records are to be "confidential." 75 Pa. C.S. § 1518(d). Such records "may not be divulged to any person." 75 Pa. C.S. § 1519(b). Such records are precluded from being used as evidence in any trial. 75 Pa. C.S. §§ 1518(e) & 1519(b). The General Assembly's intent, which is evident from a plain reading of these statutes, is that medical records provided to PennDOT are solely for the purpose of assisting PennDOT with competency

9

determinations and for use by PennDOT at competency hearings. Otherwise, such records are required by statute to remain confidential. PennDOT is precluded from providing such records to any person, including Puricelli, who seeks the records for litigation purposes.

Puricelli argues that "the statute does not override consent from the person that is in the zone of protection for the statute." Puricelli's Br. at 5. We disagree. The legislature did not outline any exceptions to the confidentiality provisions in the statutes or any procedure for obtaining confidential records, even with consent of the party whose records are being sought. In compliance with the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(a), this Court will not supply a provision omitted from these statutory sections by the legislature. Because there is no mention in Sections 1518 or 1519 of the Vehicle Code of an exception or procedure for obtaining otherwise confidential medical records in PennDOT's possession, Puricelli is not entitled to PennDOT's medical records of Driver.

Mandamus will not issue to compel PennDOT to act in violation of these statutes. Because PennDOT has no ministerial or mandatory duty to provide the requested records to Puricelli, Puricelli cannot establish a clear right to relief and, thus, cannot succeed in a claim for mandamus.[4]

---

[4] While Puricelli's record request mentions a request for Driver's "driving record," it is clear from his cover letter, the box checked on the record request form, and his Petition that he is requesting records related to Driver's competency, specifically his vision acuity. Insofar as he is requesting medical records or records PennDOT holds pursuant to Sections 1518 and 1519 to determine Driver's competency, Puricelli does not establish a clear right to relief. Because Puricelli did not check the appropriate box on the record request form to properly request Driver's driving history, Puricelli can cure this defect by following proper record request protocols established by PennDOT. Therefore, as it relates to any other records, Puricelli has an alternative legal remedy and mandamus relief is not appropriate.

10

Accordingly, we sustain PennDOT's PO and dismiss the original jurisdiction portion of Puricelli's Petition requesting mandamus relief.[5]

_____
STACY WALLACE, Judge

---

[5] Because Puricelli's prayer for relief in the appellate portion of his Petition is that this Court review PennDOT's "adjudication and reverse[,]" Petition at 12, and because the issues raised in the original jurisdiction portion and appellate jurisdiction portion of the Petition are duplicative, for the reasons set forth granting PennDOT's PO, it is clear substantial evidence supports PennDOT's decision, and Puricelli is not entitled to reversal of PennDOT's decision denying his record request. Therefore, insofar as PennDOT's letter is an adjudication, this Court affirms PennDOT's decision denying Puricelli's record request.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Puricelli, : 
                 Petitioner : 
                                : 
               v. :   No. 42 M.D. 2022
                                : 
Commonwealth of : 
Pennsylvania Department : 
of Transportation (Office of : 
Chief Counsel), : 
                 Respondent : 

# O R D E R

**AND NOW**, this 4th day of January 2023, the preliminary objection filed by Commonwealth of Pennsylvania Department of Transportation (PennDOT) is **SUSTAINED**, and the original jurisdiction portion of Brian Puricelli's (Puricelli) petition for review is **DISMISSED**.

Regarding the appellate portion of Puricelli's Petition, in his prayer for relief, Puricelli requests "this Court review [PennDOT's] adjudication and reverse." Petition at 12. To the extent PennDOT's letter denying Puricelli's record request is an adjudication, for the same substantive reasons set forth granting PennDOT's preliminary objection, Puricelli is not entitled to the relief he seeks. Therefore, PennDOT's decision denying Puricelli's record request is **AFFIRMED**.

_____
STACY WALLACE, Judge