# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William L. Wright, III     :
(incompetent pro' se litigant),   :
        Petitioner :
           :
    v.       : No. 235 M.D. 2018
           : Submitted: November 7, 2024
John E. Wetzel (secretary of   :
corrections),       :
        Respondent :


BEFORE:  HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE STACY WALLACE, Judge
      HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE       FILED: December 19, 2024


   Respondent[1] John Wetzel, Secretary of Corrections (Respondent)[2] has filed Preliminary Objections (POs) in response to inmate William L. Wright, III's (Wright) *pro se* petition for review[3] (Petition) seeking an order compelling

---

[1] On December 20, 2021, William L. Wright filed a status report with this Court relaying that the status of the case "has not changed with the lone exception that a new Secretary of Corrections Mr. George M. Little, has taken over for John E. Wetzel as of December of November of 2021 . . . ." 6th Status Report, *Wright v. Wetzel* (Pa. Cmwlth., No. 235 MD 2018, filed Dec. 20, 2021).

[2] In 2023, Governor Josh Shapiro named Dr. Laurel Harry as Acting Secretary of the Pennsylvania Department of Corrections, which was unanimously confirmed by the Pennsylvania Senate on June 22, 2023. Secretary of Corrections, Pennsylvania Department of Corrections, Commonwealth of Pennsylvania https://www.pa.gov/en/agencies/cor/about-us/secretary-of-corrections.html (last visited December 18, 2024).

[3] Wright's filing initiating this action was labeled "Pro'Se Lawsuit," which we treat as a petition for review.

Respondent to sign Wright's death warrant.[4]  After review, we sustain Respondent's POs and dismiss Wright's Petition.

**Background**

Wright is an inmate at a State Correctional Institution (SCI).  Petition at 3. Wright was convicted of first-degree murder and received a death sentence.  *Id.* at 4.  On April 3, 2018, Wright filed his Petition alleging Respondent has refused to sign his death warrant, thereby violating his constitutional right to proceed directly to his death penalty execution.  *Id.* at 1.  Wright requests this Court issue an order directing Respondent to sign his death warrant.  *Id.*  The Petition also sought appointment of counsel and *in forma pauperis* status.  *Id.* at 2.  By Order dated April 30, 2018, this Court granted Wright's request to proceed *in forma pauperis* and denied his request for counsel.  On May 5, 2020, this Court issued a rule to show cause (Rule) why this action should not be dismissed for want of prosecution. Wright filed an answer to the Rule, and on May 22, 2020, this Court discharged the Rule, and directed Wright to properly serve his Petition.  On June 4, 2020, Wright filed a certificate of service demonstrating he served the Attorney General's office with his Petition.

On June 4, 2020, this Court directed Respondent to file an answer to Wright's Petition within 30 days.  On June 29, 2020, Respondent filed POs.  On July 20, 2020, Wright filed a letter in lieu of a response to the POs requesting a stay of the proceedings while he attempted to have the Court of Common Pleas of Blair County transmit his death-sentence record to the Governor's office.

---

[4] In 2023, Governor Shapiro continued the moratorium on the death penalty that previous Governor Tom Wolf imposed during his term. Newsroom, Governor, Commonwealth of Pennsylvania, https://www.pa.gov/en/governor/newsroom/press-releases/governor-shapiro-announces-he-will-not-issue-any-execution-warra.html (last visited December 18, 2024).

On August 5, 2020, this Court granted Wright's request for a stay but directed him to file a status report by November 4, 2020. Between November 4, 2020, and March 9, 2023, Wright filed numerous status reports. On January 11, 2024, after receiving no further status reports, this Court vacated the stay of the proceedings and directed Respondent's POs to be submitted on briefs. On February 6, 2024, Respondent filed his brief in support of the POs. Wright has not filed a brief in opposition to Respondent's POs.

**Discussion**

Mandamus is an extraordinary remedy used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the part of the respondent to act, and (3) no alternative legal remedy exists. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (citing *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)).

Pennsylvania Rule of Civil Procedure 1028(a)(4) provides that a preliminary objection in the nature of a demurrer challenging the legal sufficiency of a pleading may be filed by any party. Pa.R.Civ.P. 1028(a)(4). When ruling on preliminary objections, the court must limit its review to the petition for review and any attached exhibits. *Humphreys v. Suretec Ins. Co.*, 311 A.3d 1175, 1183 (Pa. Cmwlth. 2024). "Because a demurrer results in the dismissal of a suit, it should be sustained only in cases that are clear and free from doubt and only when it appears with certainty that the law permits no recovery under the allegations pleaded." *Chester Upland Sch. Dist. v. 103 Commerce Drive ILP, LLC*, 309 A.3d 246, 250 (Pa. Cmwlth. 2024).

Sections 9711 of the Judicial Code and Section 4302 of the Prison and Parole Code establish the process for issuance of an execution warrant.

3

*See* 42 Pa.C.S. § 9711; *see also* 61 Pa.C.S. § 4302. Section 9711(i) of the Judicial Code provides:

> Where a sentence of death is upheld by the Supreme Court, the prothonotary of the Supreme Court shall transmit to the Governor a full and complete record of the trial, sentencing hearing, imposition of the sentence, opinion and order by the Supreme Court within 30 days of one of the following, whichever occurs first:
>
> (1) the expiration of the time period for filing a petition for writ of certiorari or extension thereof where neither has been filed;
>
> (2) the denial of a petition for writ of certiorari; or
>
> (3) the disposition of the appeal by the United States Supreme Court, if that court grants the petition for writ of certiorari.
>
> Notice of this transmission shall contemporaneously be provided to the Secretary of Corrections.

42 Pa.C.S. § 9711(i).

Section 4302 of the Prisons and Parole Code states:

> (a) Time.—
>
> (1) After the receipt of the record pursuant to 42 Pa.C.S. § 9711(i) (relating to sentencing procedure for murder of the first degree), unless a pardon or communication has been issued, the Governor shall, within 90 days, issue a warrant specifying the day for execution which shall be no later than 60 days after the date the warrant is signed.
>
> . . . .
>
> (c) Failure to timely comply.--If the Governor fails to timely comply with the provisions of this section and a pardon or commutation has not been issued, the secretary shall, within 30 days following the Governor's failure to comply, schedule and carry out the execution no later than 60 days from the date by which the Governor was required to sign the warrant under subsection (a).

61 Pa.C.S. § 4302(a)(1), (c).

Wright seeks a mandamus to compel Respondent to sign his execution warrant because the Governor of Pennsylvania has failed to sign the warrant. However, Section 9711 of the Judicial Code provides that the trial record for capital cases shall be transmitted by the Pennsylvania Supreme Court to the Governor, and the Governor's obligation to issue a warrant is not prompted until the record has been sent to him by the Supreme Court. *See* 42 Pa.C.S. § 9711. Here, the Petition fails to allege the Supreme Court sent the record to the Governor or whether the Governor received the record. Without receipt of the record, the Governor is not statutorily obligated to issue the warrant. Furthermore, this action is against Respondent, who is not the Governor, and there is no corresponding duty on the part of Respondent to act. Therefore, having failed to establish the requisite elements for mandamus, Wright has failed to state a claim upon which relief can be granted.

**Conclusion**

Accordingly, Respondent's POs are sustained, and Wright's Petition is dismissed.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William L. Wright, III                        :
(incompetent pro' se litigant),               :
                         Petitioner           :
                                              :
         v.                                   : No.  235 M.D. 2018
                                              :
John E. Wetzel (secretary of                  :
corrections),                                 :
                         Respondent  :

# **O R D E R**

**AND NOW**, this 19th day of December 2024, the preliminary objections filed by John E. Wetzel (Secretary of Corrections) are **SUSTAINED**. The petition for review filed by William L. Wright, III is **DISMISSED**.

_____
STACY WALLACE, Judge